IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HOUSING AUTHORITY,<br><br>        Plaintiff,<br>v.<br><br>GETTY PROPERTIES CORPORATION, TYREE ENVIRONMENTAL CORPORATION,<br>SINGER REAL ESTATE GROUP, LLC,<br>MICHAEL C. KENNY,<br>KENNETH C. SEUS,<br><br>        Defendants.<br>------------------------------------------------------------<br>GETTY PROPERTIES CORPORATION, TYREE ENVIRONMENTAL CORPORATION,<br>MICHAEL C. KENNY, and KENNETH C. SEUS,<br><br>        Defendants/Third-Party Plaintiffs,<br>v.<br><br>MARIANINA OIL CORP.<br><br>        Third-Party Defendant. | **Civil Action No.: 13-cv-6282 (NSR)**<br><br><br><br><br><br><br><br><br><br>**Trial By Jury Demanded** |

Defendants/Third Party Plaintiffs Getty Properties Corp. ("Getty"), Tyree Environmental Corp. ("Tyree"), Michael C. Kenny ("Kenny") and Kenneth C. Seus ("Seus"), as and for their Third-Party Complaint against Marianina Oil Corp. ("Marianina"), state and allege as follows:

1.      On or about November, 2011, Plaintiff White Plains Housing Authority ("WPHA") commenced an action against Defendants Getty, Tyree, Kenny, Seus and Singer Real Estate Group, LLC. ("Singer"). Attached as Exhibit A is a copy of Plaintiff's Second Amended Complaint. Without admitting the truth thereof, the allegations of Plaintiff's Second Amended Complaint are incorporated herein by reference.

2. Defendants/Third Party Plaintiffs Getty, Tyree, Kenny and Seus answered the Plaintiff's Complaint and asserted cross claims against Defendant Singer. Attached as Exhibit B is a copy of Defendants'/Third Party Plaintiffs' March 26, 2015 Amended Answer to the Second Amended Complaint and Cross Claims, which is incorporated herein by reference.

3. Defendant Singer answered Plaintiff's Complaint and asserted cross claims against the Defendants/Third Party Plaintiffs. Attached as Exhibit C is a copy of Singer's January 21, 2015 Answer to the Second Amended Complaint.

4. Plaintiff's action purports to arise under the laws of the United States, including, but not by way of limitation, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq. In addition, plaintiff purports to state claims under New York State Navigation Law §181 (5) and state law regarding, among other things, private nuisance, negligence and trespass.

5. This court has subject matter jurisdiction over Count III of Plaintiff's Complaint under RCRA § 7002(a) and 28 U.S.C. § 1331.

6. This court has supplemental jurisdiction over Counts IV, V, VI, VII and VIII of Plaintiff's Complaint and the claims alleged in this Third Party Complaint under 28 U.S.C. § 1367 (a) because they are so related to plaintiff's federal claims that they form the same case and controversy under Article III of the United States Constitution.

7. Count I and Count II of Plaintiff's Complaint were dismissed by Court Order dated December 16, 2014.

8. Plaintiff's action and the third party action are venued in the Southern District of New York pursuant to 28 U.S.C. §1391(b) as the alleged endangerments, releases, injuries and damages at issue are alleged to be taking place in this district.

**The Parties**

9.  Defendant/Third Party Plaintiff Getty is a corporation organized and existing under the laws of the State of Delaware and is doing business in the State of New York.

10. Defendant/Third Party Plaintiff Tyree is a corporation organized and existing under the laws of the State of Delaware and is doing business in the State of New York.

11. Defendant/Third Party Plaintiff Kenny is a resident of the State of Vermont

12. Defendant/Third Party Plaintiff Seus is a resident of the State of Massachusetts.

13. Third Party Defendant Marianina is a domestic corporation organized and existing under the laws of the State of New York.

**The Facts**

14. Marianina is the owner of real property located at 34 East Post Road, White Plains, New York (the "34 East Post Road Property").

15. Marianina owned the 34 East Post Road Property since at least June 24, 1987.

16. Upon information and belief, Marianina is and has been the operator of a gasoline dispensing, convenience store and/or service station at the 34 East Post Road Property since June 24, 1987.

17. Evidence of a discharge of petroleum at the 34 East Post Road Property was discovered on or about August 17, 1994.

18. Evidence of a discharge of petroleum at the 34 East Post Road Property was reported to the New York State Department of Environmental Conservation ("NYSDEC") on or about August 17, 1994.

19. As a result of the foregoing discharge report, NYSDEC assigned spill number 9406684 to the 34 East Post Road Property.

20. Evidence of a discharge of petroleum was discovered at the 34 East Post Road Property on or about March 18, 1996.

21. Evidence of a discharge of petroleum at the 34 East Post Road Property was reported to the NYSDEC on or about March 18, 1996.

22. As a result of the foregoing discharge report, NYSDEC assigned spill number 9516188 to the 34 East Post Road Property.

23. Upon information and belief, there have been additional discharges of petroleum at the 34 East Post Road Property.

24. On or about September 19, 2014, two wells (designated MW_110 and MW_111) were installed in the area of the sidewalk immediately to the West of the 34 East Post Road Property.

25. On or about September 19, 2014, samples of the soil and groundwater at each of the aforesaid two wells were collected.

26. The results of the aforesaid sampling indicated elevated levels of gasoline constituents in the soil and groundwater.

27. The soil sample results for MW_110 indicated, among other things, 149,000 ppb for m/p-Xylene and 200,000 ppb for 1,2,4-Trimethylbenzene.

28. The MW_101 soil sample results for these and other gasoline constituents exceeded NYSDEC guidance CP-51 Soil Cleanup Levels.

29. The groundwater sample results for MW_110 indicated, among other things, 180 ppb for benzene, 8,200 ppb for Xylenes and 2,300 ppb for ethylbenzene.

30. The groundwater results for MW_111 indicated, among other things, 850 ppb for benzene and 420 ppb for ethylbenzene.

31. The MW_110 and MW_111 groundwater results exceeded EPA Class GA Maximum Allowable Concentration Standards.

32. Upon information and belief, the groundwater flow direction in the vicinity of the 34 East Post Road Property is inferred to generally flow in the north and/or northwest direction.

33. The 34 East Post Road Property is located to the south/south east of a portion of the property known as 159 South Lexington Avenue, White Plains, New York.

34. Upon information and belief, Plaintiff owns the property located at 159 South Lexington Avenue, White Plains, New York ("Plaintiff's Property").

35. Upon information and belief, a portion of Plaintiff's property is down-gradient from the 34 East Post Road Property.

36. Plaintiff alleges in its complaint that gasoline contamination has migrated to the Plaintiff's property and caused injury to plaintiff and has caused it to incur damages.

37. Upon information and belief, contamination discharged at the 34 East Post Road property has migrated to the Plaintiff's property.

38. Plaintiff alleges that Defendants/Third Party Plaintiffs are liable for the damages Plaintiff purportedly has incurred as a result of the alleged contamination of Plaintiff's Property by Defendants/Third Party Plaintiffs.

39. Upon information and belief, if Plaintiff has incurred any injury or damages as a result of gasoline contamination in the soil and groundwater at Plaintiff's Property, those damages were caused in whole or in part by discharges occurring at and/or emanating from the

34 East Post Road Property.

## CLAIMS FOR RELIEF
## COUNT I
### Navigation Law

40.     Defendants/Third-Party Plaintiffs repeat and reallege each and every allegation as contained in paragraphs 1 through 39, inclusive, as if set forth in full herein.

41.     Pursuant to § 181 of the New York State Navigation Law, any person who has discharged petroleum is "…strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained…"

42.     Pursuant to § 181(5) of the New York State Navigation Law, an injured person may bring a strict liability claim directly against any person who has discharged petroleum for the costs of cleanup and removal and direct and indirect damages.

43.     Pursuant to § 172(8) of the New York State Navigation Law, the term discharge means "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters…"

44.     Upon information and belief, Marianina is strictly liable under the New York State Navigation Law as a person who discharged petroleum at or from the 34 East Post Road Property causing the direct and indirect damages alleged by Plaintiff.

45.     Marianina, through its ownership of the 34 East Post Road Property, caused, contributed or otherwise failed to prevent the discharge of petroleum at the 34 East Post Road Property and failed to prevent the discharge from migrating to its Property.

46.     Upon information and belief, Marianina, through its operation of the 34 East Post Road Property, caused, contributed or otherwise failed to prevent the discharge of petroleum at

the 34 East Post Road Property and failed to prevent the discharge from migrating to its Property.

47. Upon information and belief, if Plaintiff recovers damages against Defendants/Third Party Plaintiffs, those damages, in whole or in part, are the result of contamination migrating from the 34 East Post Road Property to the Plaintiff's Property.

48. By reason of the foregoing, to the extent that Defendants/Third Party Plaintiffs are found liable to plaintiff, Marianina is strictly liable without regard to fault to Defendants/Third Party Plaintiffs for all or a part of any damages awarded against Defendants/Third Party Plaintiffs.

49. Upon information and belief, Defendants/Third Party Plaintiffs have incurred costs of clean-up and removal and direct and indirect damages as a result of petroleum discharges at the 34 East Post Road Property by Marianina.

50. By reason of the foregoing, Marianina is liable for the clean-up and removal costs and direct and indirect damages resulting from petroleum discharges at the 34 East Post Road Property by Marianina.

## COUNT II

### Indemnity/Contribution

51. Defendants/Third-Party Plaintiffs repeat and reallege each and every allegation as contained in paragraphs 1 through 50, inclusive, as if set forth in full herein.

52. Defendants/Third Party Plaintiffs are entitled to contribution toward and/or indemnity from Marianina for any liability that may be found to exist against the Defendants/Third Party Plaintiffs as a result of the occurrences alleged above on the basis that Marianina is wholly responsible or responsible in substantial part for the injuries or damages

7

allegedly sustained by the Plaintiff by virtue of Marianina's actions and/or inactions relating to the contamination found at the Plaintiff's Property.

**WHEREFORE**, Defendants/Third Party Plaintiffs demand judgment against Third Party Defendant Marianina on Counts I and II of this Third Party Complaint for all or a part of any sums that may be adjudged against Defendants/Third Party Plaintiffs in favor of plaintiff and for all direct and indirect damages incurred by Defendants/Third Party Plaintiffs resulting from petroleum discharges by Marianina, and for such other and further relief as to the court seems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants/Third Party Plaintiffs respectfully request that this matter be tried by jury.

Dated: White Plains, New York
March 30, 2015

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP

By: _____
Matthew G. Parisi (MP2188)
*Attorneys for Defendants/Third-Party Plaintiffs*
*Getty Properties Corp., Tyree Environmental Corp.,*
*Michael C. Kenny and Kenneth C. Seus*
One North Lexington Avenue, 7th Floor
White Plains, New York  10601
Telephone:  (914) 949-2700