# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HOUSING AUTHORITY, | Civil Action No.: 13-cv-6282 (NSR) |
| Plaintiff, | |
| v. | Judge Nelson S. Román |
| GETTY PROPERTIES CORPORATION, | **AMENDED ANSWER TO SECOND** |
| TYREE ENVIRONMENTAL CORPORATION, | **AMENDED COMPLAINT** |
| SINGER REAL ESTATE GROUP, LLC, | **WITH AFFIRMATIVE** |
| MICHAEL C. KENNY, | **DEFENSES AND CROSS-CLAIMS** |
| KENNETH C. SEUS, | |
| | **Trial by Jury Demanded** |
| Defendants. | |

Defendants Getty Properties Corp., Tyree Environmental Corp., Michael C. Kenny, and

Kenneth C. Seus (collectively, "Answering Defendants"), by and through their attorneys,

Bleakley Platt & Schmidt, LLP, answer Plaintiff's January 21, 2014 Second Amended

Complaint as follows:

### NATURE OF THE CASE

1.      Deny knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

### JURISDICTION AND VENUE

2.      Paragraph 2 of Plaintiff's Second Amended Complaint contains conclusions of

law to which no response is required.  To the extent a response is required, Answering

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein.

3.      Paragraph 3 of Plaintiff's Second Amended Complaint contains conclusions of

law to which no response is required.  To the extent a response is required, Answering

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.      Paragraph 4 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

## THE PARTIES

7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.      Admit the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Deny the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Admit the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     Admit the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.     Deny the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Admit the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Deny the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Admit that defendant Michael C. Kenny was an owner of a fifty percent interest in the former Getty Station property from April 13, 2005 to February 8, 2011, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Deny the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Deny the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Deny the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Deny the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Admit that, Tyree, commencing in or about 2001, performed work at the former Getty Station property pursuant to an agreement between Getty and Tyree, and otherwise deny

knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Second Amended Complaint. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.    Admit that Tyree reports indicate that groundwater in the vicinity of the subject properties is inferred to flow generally in a north and/or north west direction, and otherwise deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.    Admit that a report of evidence of a discharge observed at the former Getty Station Property was provided to the NYSDEC and that in or about 2000, the WPHA entered into a License Access Agreement authorizing environmental investigations and remediation activities on the WPHA site, including obtaining groundwater samples from monitoring wells periodically and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.    Admit that Tyree installed a Dual Phase Vapor Extraction System at the former Getty Station property in August of 2001 and that the NYSDEC approved a change in the remedial action at the Site in April of 2007, and otherwise deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.    Deny the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.    Deny the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Deny the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Admit that on or about September 2011, Tyree, on behalf of Getty, forwarded a proposed license access agreement to Plaintiff seeking access to perform environmental and remediation activities on Plaintiff's property, and otherwise deny the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Admit that Tyree issued a September 2011 Semi-Annual Monitoring Well Report that, among other things, included a "Site History" for the former Getty Station property and otherwise deny the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report included results associated with sampling events at the former Getty Station property and the Plaintiff's property in May and July, 2011, including those designated MW-101 and GP-19, and otherwise deny the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report and September 2011 Ozone Injection Pilot Test Work Plan contain maps that include relevant site and area features, and otherwise deny the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report included, among other things, results from samples collected from more than 20 well locations on May 18, 2011 and July 13, 2011 , including well locations MW-101 and GP-19 and otherwise deny the allegations contained in Paragraph 50 of the Plaintiff's Second Amended Complaint.

51.     Deny the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint.

52.     Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report included, among other things, results from samples collected from more than 20 well locations on May 18, 2011 and July 13, 2011, including well locations MW-101 and GP-19, and otherwise deny the allegations contained in Paragraph 52 of the Plaintiff's Second Amended Complaint.

53.     Deny the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report included, among other things, a table that summarized historical quarterly groundwater analytical results in the vicinity of the former Getty Station property, and otherwise deny the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56.     Deny the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Deny the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

7

58.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

59.     Admit that Tyree's September 2011 Ozone Injection Pilot Test Work Plan was approved by the NYSDEC and otherwise deny the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60.     Admit that Tyree and Getty received WPHA Attorney Norman Bernstein's December 20, 2012 letter objecting to Tyree's September 2011 Ozone Injection Pilot Test Work Plan, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Admit that Tyree and Getty received WPHA Attorney Norman Bernstein's December 20, 2012 letter objecting to Tyree's September 2011 Ozone Injection Pilot Test Work Plan, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint.

62.     Admit that, on or about March 19, 2013, Tyree, on behalf of Getty, submitted a Subsurface Investigation Work Plan to the NYSDEC, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint.

63.     Admit that a conference call was held between representatives of the NYSDEC, Getty, Tyree and Plaintiff in March of 2013 and that Getty and Tyree understood that all remaining issues as to the scope of work and any additional concerns raised by the Plaintiff were resolved and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Deny the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

8

65.     Admit that on October 8 to 13, 2013, Tyree implemented the March 2013 Work Plan, including, among other things, the installation of monitoring wells and the collection of soil and groundwater samples and otherwise deny the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Deny the allegations contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

68.     Admit that Tyree submitted to the NYSDEC a Subsurface Investigation Report dated November 2013 that included, among other things, results of October 2013 sampling events, and otherwise deny the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint.

69.     Deny the allegations contained in Paragraph 69 of Plaintiff's Second Amended Complaint.

70.     Deny the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

71.     Admit that on or about December 30, 2013, Plaintiff's consultant First Environment sent a letter to the NYSDEC commenting upon Tyree's November 2013 Subsurface Investigation Report, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiff's Second Amended Complaint.

9

73.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiff's Second Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiff's Second Amended Complaint.

76.     Deny the allegations contained in Paragraph 76 of Plaintiff's Second Amended Complaint.

77.     Admit that MW-107 was installed in October 2013 and that results from soil samples collected from that well are included in Tyree's March 19, 2013 Subsurface Investigation Report, and otherwise deny the allegations contained in Paragraph 77 of the Plaintiff's Second Amended Complaint.

78.     Deny the allegations contained in Paragraph 78 of Plaintiff's Second Amended Complaint.

79.     Deny the allegations contained in Paragraph 79 of Plaintiff's Second Amended Complaint.

80.     Deny the allegations contained in Paragraph 80 of Plaintiff's Second Amended Complaint.

81.     Deny the allegations contained in Paragraph 81 of Plaintiff's Second Amended Complaint.

82.     Deny the allegations contained in Paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Deny the allegations contained in Paragraph 83 of Plaintiff's Second Amended Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of Plaintiff's Second Amended Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiff's Second Amended Complaint.

86.     Deny the allegations contained in Paragraph 86 of Plaintiff's Second Amended Complaint.

87.     Deny the allegations contained in Paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of Plaintiff's Second Amended Complaint.

89.     Deny the allegations contained in Paragraph 89 of Plaintiff's Second Amended Complaint.

90.     Deny the allegations contained in Paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Deny the allegations contained in Paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Deny the allegations contained in Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Deny the allegations contained in Paragraph 95 of Plaintiff's Second Amended Complaint.

96.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiff's Second Amended Complaint.

97.    Deny the allegations contained in Paragraph 97 of Plaintiff's Second Amended Complaint.

98.    Deny the allegations contained in Paragraph 98 of Plaintiff's Second Amended Complaint.

99.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of Plaintiff's Second Amended Complaint.

101.    Deny the allegations contained in Paragraph 101 of Plaintiff's Second Amended Complaint.

102.    Deny the allegations contained in Paragraph 102 of Plaintiff's Second Amended Complaint.

## FACTS

## CLAIMS FOR RELIEF

### Count I
### Cost Recovery Under 42 U.S.C. §9607(a)

103.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 102, inclusive, of this answer in response to the allegations contained in Paragraph 103 of the Second Amended Complaint.

104.    Paragraph 104 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering

Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

105.   Paragraph 105 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

106.   Paragraph 106 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

107.   Deny the allegations contained in Paragraph 107 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

108.   Deny the allegations contained in Paragraph 108 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

109.   Deny the allegations contained in Paragraph 109 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

110.   Deny the allegations contained in Paragraph 110 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

111.   Deny the allegations contained in Paragraph 111 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

112.   Deny the allegations contained in Paragraph 112 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

113.   Deny the allegations contained in Paragraph 113 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

114.    Deny the allegations contained in Paragraph 114 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

115.    Deny the allegations contained in Paragraph 115 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

116.    Deny the allegations contained in Paragraph 116 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

117.    Deny the allegations contained in Paragraph 117 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

118.    Deny the allegations contained in Paragraph 118 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

119.    Deny the allegations contained in Paragraph 119 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

120.    Deny the allegations contained in Paragraph 120 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

121.    Deny the allegations contained in Paragraph 121 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

122.    Deny the allegations contained in Paragraph 122 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

123.    Deny the allegations contained in Paragraph 123 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

124.    Deny the allegations contained in Paragraph 124 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

125.    Deny the allegations contained in Paragraph 125 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

126.     Deny the allegations contained in Paragraph 126 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

127.     Deny the allegations contained in Paragraph 127 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

128.     Deny the allegations contained in Paragraph 128 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

129.     Deny the allegations contained in Paragraph 129 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

130.     Deny the allegations contained in Paragraph 130 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

131.     Deny the allegations contained in Paragraph 131 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

132.     Deny the allegations contained in Paragraph 132 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

133.     Deny the allegations contained in Paragraph 133 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

134.     Deny the allegations contained in Paragraph 134 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

135.     Deny the allegations contained in Paragraph 135 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

**Count II**
**Declaratory Relief Under 28 U.S.C. §2201 and 42 U.S.C. 9613(g)(2)**

136.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 135, inclusive, of this answer in response to the allegations contained in Paragraph 136 of the Second Amended Complaint.

137.    Deny the allegations contained in Paragraph 137 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

138.    Deny the allegations contained in Paragraph 138 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count I in its Decision dated December 16, 2014.

## Count III
## RCRA 42 U.S.C. §6972

139.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 138, inclusive, of this answer in response to the allegations contained in Paragraph 139 of the Second Amended Complaint.

140.    Paragraph 140 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

141.    Paragraph 141 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

142.    Paragraph 142 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

143.    Paragraph 143 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

144.    Paragraph 144 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

145.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint.

146.    Deny the allegations contained in Paragraph 146 of Plaintiff's Second Amended Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 147 of Plaintiff's Second Amended Complaint.

148.    Deny the allegations contained in Paragraph 148 of Plaintiff's Second Amended Complaint.

149.    Deny the allegations contained in Paragraph 149 of Plaintiff's Second Amended Complaint.

150.    Deny the allegations contained in Paragraph 150 of Plaintiff's Second Amended Complaint.

151.    Deny the allegations contained in Paragraph 151 of Plaintiff's Second Amended Complaint.

152.    Deny the allegations contained in Paragraph 152 of Plaintiff's Second Amended Complaint.

153.    Deny the allegations contained in Paragraph 153 of Plaintiff's Second Amended Complaint.

154.    Deny the allegations contained in Paragraph 154 of Plaintiff's Second Amended Complaint.

155.    Deny the allegations contained in Paragraph 155 of Plaintiff's Second Amended Complaint.

156.    Deny the allegations contained in Paragraph 156 of Plaintiff's Second Amended Complaint.

157.    Deny the allegations contained in Paragraph 157 of Plaintiff's Second Amended Complaint.

158.    Deny the allegations contained in Paragraph 158 of Plaintiff's Second Amended Complaint.

159.    Deny the allegations contained in Paragraph 159 of Plaintiff's Second Amended Complaint.

160.    Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report states, among other things, that "Following NYSDEC approval in April 2007, the DPHVES was shut down in favor of initiating an Enhanced Vapor/Fluid Recovery (EVFR) program to focus remedial efforts on monitoring wells MW-11, MW-12 and GP-19" and otherwise denies the allegations contained in Paragraph 160 of Plaintiff's Second Amended Complaint.

161.    Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report states, among other things, that "Following NYSDEC approval in April 2007, the DPHVES was shut down in favor of initiating an Enhanced Vapor/Fluid Recovery (EVFR) program to focus remedial efforts on monitoring wells MW-11, MW-12 and GP-19", and otherwise denies the allegations contained in Paragraph 161 of Plaintiff's Second Amended Complaint.

162.    Admit that Tyree's September 2011 Semi-Annual Monitoring Well Report states, among other things, that "Monthly EVFR events continued through the end of 2009", and otherwise denies the allegations contained in Paragraph 162 of Plaintiff's Second Amended Complaint.

163.    Deny the allegations contained in Paragraph 163 of Plaintiff's Second Amended Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint.

165.    Deny the allegations contained in Paragraph 165 of Plaintiff's Second Amended Complaint.

166.    Deny the allegations contained in Paragraph 166 of Plaintiff's Second Amended Complaint.

167.    Deny the allegations contained in Paragraph 167 of Plaintiff's Second Amended Complaint.

168.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 168 of Plaintiff's Second Amended Complaint.

169.    Deny the allegations contained in Paragraph 169 of Plaintiff's Second Amended Complaint.

170.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 170 of Plaintiff's Second Amended Complaint.

171.    Deny the allegations contained in Paragraph 171 of Plaintiff's Second Amended Complaint.

172.    Deny the allegations contained in Paragraph 172 of Plaintiff's Second Amended Complaint.

### Count IV
### New York State Navigation Law §181

173.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 172, inclusive, of this answer in response to the allegations contained in Paragraph 173 of the Second Amended Complaint.

174.    Paragraph 174 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

175.    Paragraph 175 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

176.    Paragraph 176 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

177.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 177 of Plaintiff's Second Amended Complaint.

178.    Deny the allegations contained in Paragraph 178 of Plaintiff's Second Amended Complaint.

179.    Paragraph 179 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

180.     Deny the allegations contained in Paragraph 180 of Plaintiff's Second Amended Complaint.

181.     Deny the allegations contained in Paragraph 181 of Plaintiff's Second Amended Complaint.

182.     Deny the allegations contained in Paragraph 182 of Plaintiff's Second Amended Complaint.

183.     Deny the allegations contained in Paragraph 183 of Plaintiff's Second Amended Complaint.

184.     Deny the allegations contained in Paragraph 184 of Plaintiff's Second Amended Complaint.

185.     Deny the allegations contained in Paragraph 185 of Plaintiff's Second Amended Complaint.

186.     Deny the allegations contained in Paragraph 186 of Plaintiff's Second Amended Complaint.

## Count V
### Private Nuisance

187.     Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 186, inclusive, of this answer in response to the allegations contained in Paragraph 187 of the Second Amended Complaint.

188.     Paragraph 188 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering

Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

189.   Paragraph 189 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

190.   Paragraph 190 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

191.   Paragraph 191 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

192.   Paragraph 192 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

193.   Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 193 of Plaintiff's Second Amended Complaint.

194.   Deny the allegations contained in Paragraph 194 of Plaintiff's Second Amended Complaint.

195.   Deny the allegations contained in Paragraph 195 of Plaintiff's Second Amended Complaint.

196.     Deny the allegations contained in Paragraph 196 of Plaintiff's Second Amended Complaint.

197.     Deny the allegations contained in Paragraph 197 of Plaintiff's Second Amended Complaint.

198.     Deny the allegations contained in Paragraph 198 of Plaintiff's Second Amended Complaint.

199.     Deny the allegations contained in Paragraph 199 of Plaintiff's Second Amended Complaint.

200.     Deny the allegations contained in Paragraph 200 of Plaintiff's Second Amended Complaint.

201.     Deny the allegations contained in Paragraph 201 of Plaintiff's Second Amended Complaint.

### Count VI
### Trespass

202.     Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 201, inclusive, of this answer in response to the allegations contained in Paragraph 202 of the Second Amended Complaint.

203.     Deny the allegations contained in Paragraph 203 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against co-defendant Singer Real Estate Group, LLC ("Singer") in its Decision dated December 16, 2014.

204.     Deny the allegations contained in Paragraph 204 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

205.    Deny the allegations contained in Paragraph 205 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

206.    Deny the allegations contained in Paragraph 206 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

207.    Deny the allegations contained in Paragraph 207 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

208.    Deny the allegations contained in Paragraph 208 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

209.    Deny the allegations contained in Paragraph 209 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

210.    Deny the allegations contained in Paragraph 210 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

211.    Deny the allegations contained in Paragraph 211 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

212.    Deny the allegations contained in Paragraph 212 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VI as against Singer in its Decision dated December 16, 2014.

## Count VII
## Strict Liability in Tort

213.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 212, inclusive, of this answer in response to the allegations contained in Paragraph 213 of the Second Amended Complaint.

214.    Deny the allegations contained in Paragraph 214 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

215.    Deny the allegations contained in Paragraph 215 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

216.    Deny the allegations contained in Paragraph 216 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

217.    Deny the allegations contained in Paragraph 217 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

218.    Deny the allegations contained in Paragraph 218 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

219.    Deny the allegations contained in Paragraph 219 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

220.    Deny the allegations contained in Paragraph 220 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

221.    Deny the allegations contained in Paragraph 221 of Plaintiff's Second Amended Complaint and note that the Court dismissed Count VII as against Singer in its Decision dated December 16, 2014.

<u>**Count VIII**</u>
<u>**Negligence**</u>

222.    Answering Defendants repeat and reallege each and every response as contained in paragraphs 1 through 221, inclusive, of this answer in response to the allegations contained in Paragraph 222 of the Second Amended Complaint.

223.    Paragraph 223 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

224.    Paragraph 224 of Plaintiff's Second Amended Complaint contains conclusions of law to which no response if required.  To the extent a response is required, Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

225.    Deny the allegations contained in Paragraph 225 of Plaintiff's Second Amended Complaint.

226.    Deny the allegations contained in Paragraph 226 of Plaintiff's Second Amended Complaint.

227.   Deny the allegations contained in Paragraph 227 of Plaintiff's Second Amended Complaint.

228.   Deny the allegations contained in Paragraph 228 of Plaintiff's Second Amended Complaint.

229.   Deny the allegations contained in Paragraph 229 of Plaintiff's Second Amended Complaint.

230.   Deny the allegations contained in Paragraph 230 of Plaintiff's Second Amended Complaint.

231.   Deny the allegations contained in Paragraph 231 of Plaintiff's Second Amended Complaint.

232.   Deny the allegations contained in Paragraph 232 of Plaintiff's Second Amended Complaint.

233.   Deny the allegations contained in Paragraph 233 of Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

234.   The Second Amended Complaint fails to state a cause of action upon which relief can be granted against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

235.   The relief sought in the Second Amended Complaint, in whole or in part, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

236.   The relief sought in the Second Amended Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

237.    The relief sought in the Second Amended Complaint is barred by the doctrine of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

238.    Answering Defendants are not dischargers as defined in the Navigation Law.  At all relevant times, Answering Defendants did not own, operate or have any relationship to the petroleum products, storage tanks, system in question or the alleged discharge of petroleum which is the subject of the instant action.

## SIXTH AFFIRMATIVE DEFENSE

239.    The discharge of petroleum and any costs or damages resulting therefrom were caused by acts or omissions of the third parties other than Answering Defendants, their employees or agents over which Answering Defendants had no control or responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

240.    Plaintiff cannot state a viable Navigation Law claim since they are, upon information and belief, dischargers as defined by the Navigation Law.

## EIGHTH AFFIRMATIVE DEFENSE

241.    Upon information and belief, Plaintiff discharged petroleum-related products on or in the proximity of the real property which is the subject of this litigation as contemplated by Section 181 et seq. of the Navigation Law of the State of New York.

242.    Upon information and belief, said discharges and/or activity contributed, in whole or in part, to the environmental contamination and resultant damages allegedly sustained by the Plaintiff.

243.    Accordingly, pursuant to the Navigation Law and the common law doctrines of indemnification and contribution, the Answering Defendants are entitled to a setoff against the

28

Plaintiff in an amount equal to all cleanup and removal costs and direct and indirect damages related to the discharges of petroleum by Answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

244.    At all relevant times, the actions of the Answering Defendants complied with and were undertaken pursuant to the applicable federal, state, and local laws, rules, regulations and specifications and adequately addressed any contamination emanating from the former Getty Station.

### TENTH AFFIRMATIVE DEFENSE

245.    Plaintiff's claims are barred in whole or in part because federal, state and/or local authorities and agencies, including, but not by way of limitation, the New York State Department of Environmental Conservation, have mandated, directed, approved and/or ratified the alleged actions or omissions of the Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

246.    All acts, conduct and remediation efforts of the Answering Defendants, as alleged in the Complaint, were based upon the state of knowledge existing at all material times alleged in the Complaint, were reasonable and adequate under the circumstances to protect human health and the environment.

### TWELTH AFFIRMATIVE DEFENSE

247.    The relief sought by Plaintiff's Complaint is, in whole or in part, within the particular expertise of and is being addressed by state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE

248.    Plaintiff has failed to exhaust its administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

249.   Plaintiff's claims for punitive damages are in contravention of the Answering

Defendants rights under the Constitutions of the United States and other states, including:

a.   The Commerce Clause of Article I, Section 8 of the United States Constitution;

b.   The Contracts Clause of Article I, Section 10 of the United States Constitution;

c.   The prohibition against *ex post facto* laws embodied in Article I, Section 10 of the

United States Constitution;

d.   The Supremacy Clause of Article VI of the United States Constitution;

e.   The Free Speech Clause of the First Amendment of the United States

Constitution;

f.   The Due Process Clause of the Fifth and Fourteenth Amendments of the United

States Constitution;

g.   The Takings Clause of the Fifth Amendment of the United States Constitution;

h.   The Right to Counsel of the Sixth Amendment of the United States Constitution;

i.   The Excessive Fines Clause of the Eighth Amendment of the United States

Constitution;

j.   The Right to Trial by Jury contained in the Seventh Amendment of the United

States Constitution;

k.   The Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution; and

l.   Similar or corresponding provisions of the Constitution of this State or any other

states whose constitutions may apply.

## FIFTEENTH AFFIRMATIVE DEFENSE

250.   No alleged act or omission of the Answering Defendants was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

251.   With respect to Plaintiff's demand for punitive damages, the Answering Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that are set forth in *Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar State cases.

## SEVENTEENTH AFFIRMATIVE DEFENSE

252.   Because of the lack of clear standards, any imposition of punitive damages against the Answering Defendants would be unconstitutionally vague and/or overbroad.

## EIGHTEENTH AFFIRMATIVE DEFENSE

253.   Plaintiff's claim for punitive damages is subject to the limitations and requirements of any applicable state laws.

## NINETEENTH AFFIRMATIVE DEFENSE

254.   Plaintiff does not possess a valid claim under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended.

## TWENTIETH AFFIRMATIVE DEFENSE

255.   Plaintiff's claims are barred because it has failed to satisfy the prerequisites and requirements of such claims established by the National Contingency Plan.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

256.   Plaintiff's claims are barred because the actions allegedly undertaken by it are not and were not consistent with the National Contingency Plan.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

257.   Plaintiff's claims are barred or limited insofar as it seeks to recover costs, damages and expenses other than "response" costs, as that term is defined by §§ 101(23), (24), and (25) of CERCLA, as amended, 42 U.S.C. §§ 9601 (23), (24) and (25).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

258.   Plaintiff's claims are barred against the Answering Defendants by § 107(b)(3) of CERCLA 42 U.S.C. § 9607(b)(3), and by the common law because (1) the Answering Defendants exercised due care with respect to any wastes or substances concerned; (2) all conditions, injuries, costs, damages and expenses for which plaintiffs seek to recover were caused solely by the acts or omissions of third parties other than (a) its employees or agents or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with it; and (3) the Answering Defendants took precautions against foreseeable acts and omissions of any such third party in the consequences that foreseeably could result from such acts and omissions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

259.   The United States Constitution, CERCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of the Answering Defendants that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

260.    Plaintiff's CERCLA claims are barred by the Petroleum Exclusion (*see* 42

U.S.C.A. 9601(14).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

261.    Plaintiff does not possess a valid claim under the Resource Conservation and

Recovery Act of 1976, as amended.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

262.    The Answering Defendants reasonably and adequately addressed, and continue to

address, any environmental issues that plaintiff alleges are affecting its property.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

263.    The Answering Defendants were not provided with a reasonable and adequate

opportunity to cure the defect alleged by the Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

264.    Plaintiff improperly refused and denied access to remediate the discharges that are

the subject of this action and otherwise obstructed the remediation for their own financial

advantage.

## THIRTIETH AFFIRMATIVE DEFENSE

265.    Plaintiff cannot establish that there is, has been or will be a substantial

endangerment to health or the environment as those terms are defined in Section 7002(a)(1)(B)

of RCRA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

266.    Plaintiff cannot establish that there is, has been or will be an imminent

endangerment to health or the environment as those terms are defined in Section 7002(a)(1)(B)

of RCRA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

267.    Plaintiff cannot establish that there is, has been or will be reasonable cause of concern that someone or something may be exposed to risk or harm if remedial action is not taken.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

268.    Plaintiff fails to join a party or parties necessary for the just and equitable adjudication of Plaintiff's claims.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

269.    Plaintiff's claims are estopped because they are arbitrary and capricious and inconsistent with the actions and inactions of the New York State Department of Environmental Conservation.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

270.    The Answering Defendants deny that they are liable for any claims alleged in the Second Amended Complaint, but in the event they are found liable, the Answering Defendants are entitled to an offset against said alleged liability for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Second Amended Complaint, or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Second Amended Complaint; or (3) the applicable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to injuries, costs, damages and expenses alleged in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

271.   The plaintiff cannot recover from each Answering Defendant more than each Answering Defendant's fair, equitable and proportionate share of the costs, damages and other expenses sought by plaintiffs, or otherwise recover more than the amount of such relief for which each Answering Defendant may be liable.

## FIRST CROSS-CLAIM AGAINST
## CO-DEFENDANT SINGER REAL ESTATE GROUP, LLC

272.   The court has supplemental jurisdiction of this cross-claim under 28 U.S.C. Section 1367(a) because it arises out of the same transaction and occurrence alleged in the Plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

273.   On or about April 30, 1999, defendant Getty entered into an agreement with defendants Kenny and Seus, and/or their predecessors in interest, regarding the indemnification of a portion of the costs associated with the remediation of the contamination at and in the vicinity of the property known as 26 East Post Road, White Plains, New York (the "Property"). That agreement was modified in writing on or about September 22, 2005.

274.   On or about February 8, 2011, co-defendant Singer purchased the Property subject to the existing agreement between Getty, Kenny and Seus.  By virtue of these agreements, Answering Defendants are entitled to indemnity for a portion of any damages awarded against them in this action.

275.   On or about December 6, 2010, Kenny, Seus and Singer entered into a Purchase and Sale Agreement regarding, among other things, the indemnification of a portion of the costs associated with the remediation of the contamination at and in the vicinity of the property known as 26 East Post Road, White Plains, New York (the "Property").  By virtue of these agreements,

Answering Defendants are entitled to indemnity for a portion of any damages awarded against them in this action.

276.    Upon information and belief, Getty and Tyree are third party beneficiaries of the aforesaid agreements.  By virtue of these agreements, Answering Defendants are entitled to indemnity for a portion of any damages awarded against them in this action.

## SECOND CROSS-CLAIM AGAINST
## CO-DEFENDANT SINGER REAL ESTATE GROUP, LLC

277.    The court has supplemental jurisdiction of this cross-claim under 28 U.S.C. Section 1367(a) because it arises out of the same transaction and occurrence alleged in the plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

278.    Answering defendants are entitled to contribution toward and/or indemnity from Singer for any liability that may be found to exist from the Answering Defendants as a result of the occurrences alleged in the Second Amended Complaint on the basis that Singer is wholly responsible or responsible in substantial part for the injuries or damages allegedly sustained by the plaintiff by virtue of Singer's actions and/or inactions relating to the contamination found at the Property.

**WHEREFORE**, Answering Defendants demand dismissal of the Second Amended Complaint and alternatively a Judgment in their favor and against co-defendant Singer for all sums awarded in favor of Plaintiff and against Answering Defendants, together with such costs, reasonable attorneys' fees, and such other relief as to the Court seems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedures 38, Answering Defendants respectfully request that this matter be tried by jury.

Dated:  White Plains, New York
        March 26, 2015

                        Respectfully submitted,

                        BLEAKLEY PLATT & SCHMIDT, LLP


                            s/ Matthew G. Parisi
                By:  Matthew G. Parisi (MP2188)
                    *Attorneys for Defendants*
                    *Getty Properties Corp., Tyree Environmental Corp.,*
                    *Michael C. Kenny, and Kenneth C. Seus*
                    One North Lexington Avenue, 7th Floor
                    White Plains, New York  10601
                    Telephone:  (914) 949-2700