# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WHITE PLAINS HOUSING AUTHORITY,

        *Plaintiff,*

    v.

GETTY PROPERTIES CORPORATION; TYREE
ENVIRONMENTAL CORPORATION; SINGER
REAL ESTATE GROUP, LLC; MICHAEL C.
KENNY; and KENNETH C. SEUS,

        *Defendants.*

-----------------------------------------------------------------X

**Index No. 13-CV-6282 (NSR)**
**Judge Nelson S. Román**

**ANSWER OF DEFENDANT
SINGER REAL ESTATE GROUP
LLC TO SECOND AMENDED
COMPLAINT**

**Trial by Jury Demanded**

Defendant Singer Real Estate Group LLC ("Singer"), by and through its attorneys,

Periconi, LLC, answers the Plaintiff's Second Amended Complaint (the "Second Amended

Complaint") as follows:

### NATURE OF THE ACTION

1.    Denies that Defendant Singer has contaminated Plaintiff's real property located at

159 South Lexington Ave., White Plains, New York, but otherwise admits the allegations of ¶ 1

of the Second Amended Complaint.

### JURISDICTION AND VENUE

2.    States that ¶ 2 of the Second Amended Complaint contains conclusions of law as

to which no response is required.

3.    States that ¶ 3 of the Second Amended Complaint contains conclusions of law as

to which no response is required.

4.    States that ¶ 4 of the Second Amended Complaint contains conclusions of law as

to which no response is required.

1

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff's Notice of Endangerment complies with certain requirements of law, but otherwise admits the allegations contained in ¶ 5 of the Second Amended Complaint

6.      Admits the allegations contained in ¶ 6 of the Second Amended Complaint.

### THE PARTIES

7.      Admits the allegations contained in ¶ 7 of the Second Amended Complaint.

8.      Admits the allegations contained in ¶ 8 of the Second Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Second Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the Second Amended Complaint.

11.      Admits the allegations contained in ¶ 11 of the Second Amended Complaint.

12.      Admits the allegations contained in ¶ 12 of the Second Amended Complaint.

13.      Admits the allegations contained in ¶ 13 of the Second Amended Complaint.

14.      Admits the allegations contained in ¶ 14 of the Second Amended Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Second Amended Complaint.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Second Amended Complaint.

17.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Second Amended Complaint.

18.      Admits the allegations of ¶ 18 of the Second Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Second Amended Complaint.

20.     Admits the allegations contained in ¶ 20 of the Second Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Second Amended Complaint.

22.     Admits the allegations contained in ¶ 22 of the Second Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Second Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Second Amended Complaint, except admits that Defendant Kenny owned the former Getty Station prior to Singer, and during Defendant Kenny's ownership, petroleum was released into the environment at the former Getty Station.

25.     Admits the allegations contained in ¶ 25 of the Second Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Second Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Second Amended Complaint, except admits that Defendant Seus owned the former Getty Station prior to Singer, and during Defendant Seus' ownership, petroleum was released into the environment at the former Getty Station.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Second Amended Complaint, except admits that Defendants Kenny and Seus co-owned the former Getty Station for a period of time prior to Singer taking title to same.

## FACTS

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Second Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Second Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Second Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Second Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 of the Second Amended Complaint.

34.     Admits the allegations contained in ¶ 34 of the Second Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the Second Amended Complaint.

36.     Admits the allegations contained in ¶ 36 of the Second Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the Second Amended Complaint, except admits that the inferred direction of groundwater flow reported by Defendant Tyree in various environmental reports made available to Singer is generally in the direction of the plaintiff's property.

38.     Admits the allegations contained in ¶ 38 of the Second Amended Complaint.

39.      Admits the allegations contained in ¶ 39 of the Second Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the Second Amended Complaint.

4

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Second Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Second Amended Complaint.

43.     Admits the allegations contained in ¶ 43 of the Second Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 44 of the Second Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 45 of the Second Amended Complaint, except admits that in late 2011, Tyree, on behalf of Getty, submitted an Ozone Pilot Test Work Plan to the NYSDEC.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the Second Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the Second Amended Complaint, as the referenced document speaks for itself.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the Second Amended Complaint, as the referenced document speaks for itself.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the Second Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the Second Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the Second Amended Complaint.

54.     Denies the allegations contained in ¶ 54 of the Second Amended Complaint insofar as those contaminants are constituents of petroleum, which is not a hazardous substance.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of the Second Amended Complaint, as the referenced document speaks for itself.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 56 of the Second Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 57 of the Second Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 58 of the Second Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 59 of the Second Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 60 of the Second Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Second Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Second Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the Second Amended Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 of the Second Amended Complaint.

65.     Admits the allegations contained in ¶ 65 of the Second Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Second Amended Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the Second Amended Complaint.

68.     Admits the allegations contained in ¶ 68 of the Second Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 69 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 70 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 71 of the Second Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 72 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 73 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 74 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 75 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 76 of the Second Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 77 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 78 of the Second Amended Complaint.

79.     Denies the allegations contained in ¶ 79 of the Second Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 80 of the Second Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 81 of the Second Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 82 of the Second Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 83 of the Second Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 84 of the Second Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 85 of the Second Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 86 of the Second Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 87 of the Second Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 88 of the Second Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 89 of the Second Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 90 of the Second Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 91 of the Second Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 92 of the Second Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 93 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 94 of the Second Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 95 of the Second Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 96 of the Second Amended Complaint, and notes that the referenced document speaks for itself.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 97 of the Second Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 98 of the Second Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 99 of the Second Amended Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 100 of the Second Amended Complaint.

101.    States that ¶ 101 of the Second Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, answering Defendant

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 102 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT I
### Cost Recovery Under 42 U.S.C. § 9607(a)

103.    Count I has been dismissed as against Singer by the Court's order dated December 16, 2014.

## AS AND FOR A RESPONSE TO COUNT II
### Declaratory Relief Under 28 U.S.C. § 2201 and 42 U.S.C. 9613(g)(2)

104.    States that plaintiff's count II has been dismissed as against Singer by the Court's order dated December 16, 2014.

## AS AND FOR A RESPONSE TO COUNT III
### RCRA 42 U.S.C. § 6972

105.    States that plaintiff's Count III is not alleged against Singer.

## AS AND FOR A RESPONSE TO COUNT IV
### New York State Navigation Law § 181

106.    Answering Defendant repeats and reiterates each and every response in ¶¶s 1 through 105 above as if fully set forth herein.

107.    States that ¶ 174 of the Second Amended Complaint contains conclusions of law to which no response is required.

108.    States that ¶ 175 of the Second Amended Complaint contains conclusions of law to which no response is required.

109.    States that ¶ 176 of the Second Amended Complaint contains conclusions of law to which no response is required.

110.     States that ¶ 177 of the Second Amended Complaint contains conclusions of law to which no response is required.

111.     States that ¶ 178 of the Second Amended Complaint contains conclusions of law to which no response is required.

112.     States that ¶ 179 of the Second Amended Complaint contains conclusions of law to which no response is required.

113.     States that ¶ 180 of the Second Amended Complaint contains conclusions of law to which no response is required.

114.     Denies the allegations contained in ¶ 181 of the Second Amended Complaint.

115.     Denies the allegations contained in ¶ 182 of the Second Amended Complaint.

116.     Denies the allegations contained in ¶ 183 of the Second Amended Complaint.

117.     States that ¶ 184 of the Second Amended Complaint contains conclusions of law to which no response is required.

118.     Denies the allegations contained in ¶ 185 of the Second Amended Complaint.

119.     Denies the allegations contained in ¶ 186 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT V
### Private Nuisance

120.     Answering Defendant repeats and reiterates each and every response in ¶¶ 1 through 119 above as if fully set forth herein.

121.     States that ¶ 188 of the Second Amended Complaint contains conclusions of law to which no response is required.

122.     States that ¶ 189 of the Second Amended Complaint contains conclusions of law to which no response is required.

123.    States that ¶ 190 of the Second Amended Complaint contains conclusions of law to which no response is required.

124.    States that ¶ 191 of the Second Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

125.    States that ¶ 192 of the Second Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 193 of the Second Amended Complaint.

127.    Denies the allegations contained in ¶ 194 of the Second Amended Complaint.

128.    Denies the allegations contained in ¶ 195 of the Second Amended Complaint.

129.    Denies the allegations contained in ¶ 196 of the Second Amended Complaint.

130.    Denies the allegations contained in ¶ 197 of the Second Amended Complaint.

131.    Denies the allegations contained in ¶ 198 of the Second Amended Complaint.

132.    Denies the allegations contained in ¶ 199 of the Second Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 200 of the Second Amended Complaint.

134.    Denies the allegations contained in ¶ 201 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT VI
### Trespass

135.   States that plaintiff's count VI has been dismissed as against Singer by the Court's order dated December 16, 2014.

## AS AND FOR A RESPONSE TO COUNT VII
### Strict Liability in Tort

136.   States that plaintiff's count VII has been dismissed as against Singer by the Court's order dated December 16, 2014.

## AS AND FOR A RESPONSE TO COUNT VIII
### Negligence

137.   Answering Defendant repeats and reiterates each and every response in ¶¶ 1 through 136 above as if fully set forth herein.

138.   States that ¶ 223 of the Second Amended Complaint contains conclusions of law as to which no response is required.

139.   States that ¶ 224 of the Second Amended Complaint contains conclusions of law to which no response is required.

140.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 225 of the Second Amended Complaint.

141.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 226 of the Second Amended Complaint.

142.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 227 of the Second Amended Complaint.

143.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 228 of the Second Amended Complaint.

144.   Denies the allegations contained in ¶ 229 of the Second Amended Complaint.

145.   Denies the allegations contained in ¶ 230 of the Second Amended Complaint.

146.   Denies the allegations contained in ¶ 231 of the Second Amended Complaint.

147.   Denies the allegations contained in ¶ 232 of the Second Amended Complaint.

148.   Denies the allegations contained in ¶ 233 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

149.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of
limitations or by the equitable doctrine of laches.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

150.   At all relevant times, the actions of the Answering Defendant complied with and
were undertaken pursuant to the applicable federal, state, and local laws, rules, regulations and
specifications and adequately addressed any contamination emanating from the former Getty
Station.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

151.   Plaintiff's claims are barred in whole or in part because federal, state and/or local
authorities and agencies, including but not limited to the New York State Department of
Environmental Conservation, have mandated, directed, approved, and/or ratified the alleged
actions or omissions of the Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

152.   All acts, conduct and remediation of the Defendants, as alleged in the Second
Amended Complaint, were based upon the state of knowledge existing at all material times
alleged in the Second Amended Complaint, were reasonable under the circumstances to protect
human health and the environment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

153.    The relief sought by the Second Amended Complaint is, in whole or in part,

within the particular expertise of and is being addressed by the State of New York, and its

relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter

pursuant to the doctrine of primary jurisdiction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

154.    Plaintiff has failed to exhaust its administrative remedies.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

155.    Plaintiff's claims are barred, in whole or in part, because the plaintiff's injuries

were caused, in whole or in part, by the negligence, fault or wrongful conduct of the plaintiff or

third parties, and any recovery is subject to reduction or offset under the doctrines of

comparative fault and contributory negligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

156.    Answering Defendant did not beach any implied or express warranties or any

warranties created by law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

157.    Plaintiff's claims for punitive damages are in contravention of the Answering

Defendant's rights under the Constitutions of the United States and other states, including:

      a.    The Commerce Clause of Article I, Section 8 of the United States

         Constitution;

      b.    The Contracts Clause of Article I, Section 10 of the United States

         Constitution;

c. The prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

d. The Supremacy Clause of Article IV the United States Constitution;

e. The Free Speech Clause of the First Amendment to the United States Constitution;

f. The Due Process Clause of the Fifth Amendment to the United States Constitution;

g. The Takings Clause of the Fifth Amendment to the United States Constitution;

h. The Right to Counsel provision in the Sixth Amendment to the United States Constitution;

i. The Right to Trial by Jury provision in the Seventh Amendment of the United States Constitution;

j. The Right to Trial by Jury provision in the Seventh Amendment to the United States Constitution

k. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l. Similar or corresponding provisions of the constitution of the State of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

158. No alleged act or omission of the Answering Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

159.    With respect to plaintiff's demand for punitive damages, the Answering

Defendant specifically incorporates by reference any and all standards or limitations regarding

the determination of enforceability of punitive damages awards that are set forth in *Phillip*

*Morris USA v. Williams*, 127 S.Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co.,*

*v. Campbell*, 528 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996)

and similar state cases.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

160.    Because of the lack of clear standards, any imposition of punitive damages

against the Answering Defendant would be unconstitutionally vague and/or overboard.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

161.    Plaintiff's claim for punitive damages is subject to the limitations and

requirements of any applicable state laws.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

162.    The Answering Defendant is entitled to, and claims the benefit of, all defenses

and presumptions set forth in or arising from any rule of law or statute in New York State and/or

any other law or statute that may be applicable.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

163.    Plaintiff's claims should be dismissed for failure to meet the applicable minimum

pleading standards.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

164.    Plaintiff claims are barred against the Answering Defendant by the common law

because (1) the Answering Defendant exercised due care with respect to any wastes or

substances concerned; (2) all conditions, injuries, costs, damages and expenses for which

plaintiff seeks to recover were caused solely by the acts or omissions of third parties other than

(a) its employees or agents or (b) persons whose acts or omissions occurred in connection with a

contractual relationship, existing directly or indirectly, with it; and (3) the Answering Defendant

took precautions against foreseeable acts and omissions of any such third party in the

consequences that foreseeably could result from such acts and omissions.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

165.    The United States Constitution and applicable state law prevent the retroactive

imposition of liability, joint and several or otherwise, for acts and/or omissions of the Answering

Defendant that were in compliance with applicable local, state and federal laws and regulations

in effect at the time of such acts and/or omissions.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

166.    The Answering Defendant was not provided with a reasonable and adequate

opportunity to cure the defect alleged by the plaintiff.

**AS AND FOR A NINENEENTH AFFIRMATIVE DEFENSE**

167.    The Answering Defendant reasonably and adequately addressed, and continues to

address, any environmental issues that plaintiff alleges are affecting its property.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

168.    The Answering Defendant denies that it is liable for any claims alleged in the

Second Amended Complaint, but in the event it is found liable, the Answering Defendant is

entitled to an offset against said alleged liability for the greatest of (1) any amounts actually paid

by any person or entity heretofore or hereinafter for any of the injuries, costs, damages, and

expenses alleged in the Second Amended Complaint, or (2) any amounts stipulated or otherwise

19

agreed to in any release or covenant not to sue any person or entity heretofore or hereinafter for

any of the injuries, costs, damages and expenses alleged in the Second Amended Complaint; or

(3) the applicable share of the liability of any person or entity that heretofore has received, or

hereinafter receives, any release form liability or covenant not to sue with respect to injuries,

costs, damages and expenses alleged in the Complaint.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

169.    The plaintiff cannot recover from Answering Defendant more than Answering

Defendant's fair, equitable and proportionate share of the costs, damages and other expenses

sought by plaintiff, or otherwise recover more than the amount of such relief for which

Answering Defendant may be liable.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

170.    As this Court has no federal law claims against Answering Defendant, and only

has supplemental jurisdiction over state law statutory and common law claims, as a federal court

it is powerless to impose punitive damages based on purely state law claims.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANTS GETTY, KENNY AND SEUS
## New York Navigation Law § 181

171.    Answering Defendant repeats and reiterates each and every response in ¶¶ 1

through 170 above as if fully set forth herein.

172.    Navigation Law ("NL") § 181(1) provides that any person who has discharged

petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs, and

all direct and indirect damages, no matter by whom sustained.

173.    NL § 181(5) provides a private cause of action for any person injured by

petroleum discharge directly against the person who discharged the petroleum.

174.  Defendant Getty is a "discharger" within the meaning of NL § 181.

175.  Defendant Getty, through its operation of a gas station at the former Getty Station (prior to Singer's ownership), caused or contributed to the illegal discharge of petroleum at the former Getty Station.

176.  Defendant Kenny is a "discharger" within the meaning of NL § 181.

177.  Defendant Kenny, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station prior to Singer's taking title to same.

178.  Defendant Seus is a "discharger" within the meaning of NL § 181.

179.  Defendant Seus, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station prior to Singer's taking title of same.

180.  Singer has been damaged by the acts and omissions of Defendants Getty, Kenny and Seus that resulted in a discharge of petroleum at the former Getty Station prior to Singer's ownership of the former Getty Station.

181.  Defendants Getty, Kenny and Seus are strictly liable for all investigative, cleanup, and removal costs that have been or will be incurred by Singer at the former Getty Station pursuant to NL § 181.

182.  Defendants Getty, Kenny and Seus are strictly liable for all "indirect damages" relating to the investigation, cleaning, and removal of petroleum, including environmental consultant and attorney's fees relating thereto, as well as property carrying costs and lost income and/or profits, pursuant to NL § 181(1).

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY AND SEUS
### Navigation Law § 176(8)

183.  Answering Defendant incorporates by reference the allegations set forth in ¶¶ 1 through 182 above is if fully set forth herein.

184.  Defendants Getty, Kenny, and Seus are liable to Singer in contribution pursuant to NL § 176(8) for all cleanup and removal costs and direct and indirect damages as a consequence of the discharge of petroleum at the former Getty Station.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY AND SEUS
### Contribution/Indemnity

185.  Answering Defendant repeats and reiterates each and every response in ¶¶ 1 through 184 above as if fully set forth herein.

186.  Defendants Getty, Kenny, and Seus breached their contractual, common law, and/or statutory duties, causing injury to Singer.

187.  To the extent that Singer is liable to Plaintiff, Defendants Getty, Kenny, and Seus are liable for indemnification and/or contribution pursuant to the New York Navigation Law and common law to Singer in that their conduct, malfeasance and/or negligence caused the harm that gave rise to Singer's liability to plaintiff.

**WHEREFORE,** Singer respectfully requests that the Court dismiss the plaintiff's Second Amended Complaint, find that Defendants Getty, Kenny and Seus have indemnified Singer, and grant to Singer such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedures 38, Answering Defendant respectfully requests that this matter be tried by jury.

Dated:         January 21, 2015
               New York, New York


               Respectfully submitted,



               James J. Periconi (JP-3184)
               Matthew R. Jokajtys (MJ-1985)
               PERICONI, LLC
               260 Madison Avenue, 15th Floor
               New York, New York 10016

               *Attorneys for Defendant Singer Real Estate Group, LLC*

23

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2015, I caused the foregoing

## ANSWER OF DEFENDANT SINGER REAL ESTATE GROUP LLC TO SECOND AMENDED COMPLAINT

to be served upon counsel for plaintiffs and all defendants in this action via ECF.

Matthew R. Jokajtys, Esq.
PERICONI, LLC
260 Madison Avenue, 15th Floor
New York, New York 10016

TO:

Norman W. Bernstein, Esq.
Inga Caldwell, Esq.
N.W. BERNSTEIN & ASSOCIATES, LLC
800 Westchester Avenue, N319
Rye Brook, New York 10573
nwbernstein@nwbllc.com
icaldwell@nwbllc.com

*Counsel for Plaintiff White Plains Housing Authority*

Matthew G. Parisi, Esq.
BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, NY 10601
mparisi@bpslaw.com

*Counsel for Defendants Getty Properties Corporation, Tyree Environmental Corporation, Michael C. Kenny, and Kenneth C. Seus*