## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WHITE PLAINS HOUSING AUTHORITY,

*Plaintiff,*

v.

GETTY PROPERTIES CORPORATION; TYREE
ENVIRONMENTAL CORPORATION; SINGER
REAL ESTATE GROUP, LLC; MICHAEL C.
KENNY; and KENNETH C. SEUS, and MARIANINA
OIL CORP.

*Defendants.*

-----------------------------------------------------------------X

GETTY PROPERTIES CORPORATION; TYREE
ENVIRONMENTAL CORPORATION; MICHAEL C.
KENNY; and KENNETH C. SEUS,

*Third-Party Plaintiffs,*

v.

MARIANINA OIL CORP.,

*Third Party Defendants.*

-----------------------------------------------------------------X

**Index No. 13-CV-6282 (NSR)**
**Judge Nelson S. Román**

**ANSWER OF DEFENDANT
SINGER REAL ESTATE GROUP
LLC TO THIRD AMENDED
COMPLAINT**

**Trial by Jury Demanded**

Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant Singer Real Estate Group LLC

("Singer"), by and through its attorneys, Periconi, LLC, answers the Plaintiff's Third Amended

Complaint (the "Third Amended Complaint") as follows:

### NATURE OF THE ACTION

1.      Denies that Defendant Singer has contaminated Plaintiff White Plains Housing

Authority's ("Plaintiff's") real property located at 159 South Lexington Ave., White Plains, New

York, but otherwise admits the allegations of ¶ 1 of the Third Amended Complaint.

1

## JURISDICTION AND VENUE

2.      States that ¶ 2 of the Third Amended Complaint contains conclusions of law as to which no response is required.

3.      States that ¶ 3 of the Third Amended Complaint contains conclusions of law as to which no response is required.

4.      States that ¶ 4 of the Third Amended Complaint contains conclusions of law as to which no response is required.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's Notice of Endangerment complies with certain requirements of law, but otherwise admits the allegations contained in ¶ 5 of the Third Amended Complaint.

6.      Admits the allegations contained in ¶ 6 of the Third Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's Notice of Endangerment to Defendant Marianina Oil Corp. (BP Station Defendant Marianina," or "Marianina") complies with certain requirements of law, but otherwise admits the allegations contained in ¶ 7 of the Third Amended Complaint.

8.      Admits the allegations contained in ¶ 8 of the Third Amended Complaint.

## THE PARTIES

9.      Admits the allegations contained in ¶ 9 of the Third Amended Complaint.

10.      Admits the allegations contained in ¶ 10 of the Third Amended Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Third Amended Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the Third Amended Complaint.

13.     Admits the allegations contained in ¶ 13 of the Third Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Third Amended Complaint, except admits that gasoline was released into the environment at the former Getty Station sometime during and/or before 1988..

15.     Admits the allegations contained in ¶ 15 of the Third Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Third Amended Complaint..

17.     Admits the allegations contained in ¶ 17 of the Third Amended Complaint.

18.     Admits the allegations contained in ¶ 18 of the Third Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Third Amended Complaint.

20.     Admits the allegations of ¶ 20 of the Third Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Third Amended Complaint, except admits that Defendant Michael C. Kenny owned the former Getty Station prior to Singer.

22.     Admits the allegations contained in ¶ 22 of the Third Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Third Amended Complaint, except admits that Defendants Kenneth C. Seus owned the former Getty Station prior to Singer.

24.     Admits the allegations contained in ¶ 24 of the Third Amended Complaint.

25.     Admits the allegations contained in ¶ 25 of the Third Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the Third Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Third Amended Complaint

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Third Amended Complaint.

## FACTS

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Third Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Third Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Third Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Third Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 of the Third Amended Complaint.

34.     Admits the allegations contained in ¶ 34 of the Third Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the Third Amended Complaint.

36.     Admits the allegations contained in ¶ 36 of the Third Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of the Third Amended Complaint, except admits that the inferred direction of groundwater flow reported by Defendant Tyree in various environmental reports made available to Singer is generally in the direction of the plaintiff's property.

38.     Admits the allegations contained in ¶ 38 of the Third Amended Complaint.

39.     Admits the allegations contained in ¶ 39 of the Third Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the Third Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Third Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Third Amended Complaint.

43.     Admits the allegations contained in ¶ 43 of the Third Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 44 of the Third Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 45 of the Third Amended Complaint, except admits that in late 2011, Tyree, on behalf of Getty, submitted an Ozone Pilot Test Work Plan to the NYSDEC.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the Third Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the Third Amended Complaint, as the referenced document speaks for itself.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the Third Amended Complaint, as the referenced document speaks for itself.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the Third Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the Third Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the Third Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 54 of the Third Amended Complaint, as the referenced document speaks for itself.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of the Third Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 56 of the Third Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 57 of the Third Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 58 of the Third Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 59 of the Third Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 60 of the Third Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Third Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Third Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 63 of the Third Amended Complaint.

64.     Admits the allegations contained in ¶ 64 of the Third Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 65 of the Third Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Third Amended Complaint.

67.     Admits the allegations contained in ¶ 67 of the Third Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 68 of the Third Amended Complaint, as the referenced document speaks for itself.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 69 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 70 of the Third Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 71 of the Third Amended Complaint, as the referenced document speaks for itself.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 72 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 73 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 74 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 75 of the Third Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 76 of the Third Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 77 of the Third Amended Complaint.

78.     Denies the allegations contained in ¶ 78 of the Third Amended Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 79 of the Third Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 80 of the Third Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 81 of the Third Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 82 of the Third Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 83 of the Third Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 84 of the Third Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 85 of the Third Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 86 of the Third Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 87 of the Third Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 88 of the Third Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 89 of the Third Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 90 of the Third Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 91 of the Third Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 92 of the Third Amended Complaint, and notes that the referenced document speaks for itself.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 93 of the Third Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 94 of the Third Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 95 of the Third Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 96 of the Third Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 97 of the Third Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 98 of the Third Amended Complaint.

99.     Denies the allegations contained in ¶ 99 of the Third Amended Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 100 of the Third Amended Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 101 of the Third Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 102 of the Third Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 103 of the Third Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 104 of the Third Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 105 of the Third Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 106 of the Third Amended Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 107 of the Third Amended Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 108 of the Third Amended Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 109 of the Third Amended Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 110 of the Third Amended Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 111 of the Third Amended Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 112 of the Third Amended Complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 113 of the Third Amended Complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 114 of the Third Amended Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 115 of the Third Amended Complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 116 of the Third Amended Complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 117 of the Third Amended Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 118 of the Third Amended Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 119 of the Third Amended Complaint.

119.A. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 119.A. of the Third Amended Complaint.

120.    Admits the allegations contained in ¶ 120 of the Third Amended Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 121 of the Third Amended Complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 122 of the Third Amended Complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 123 of the Third Amended Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 124 of the Third Amended Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 125 of the Third Amended Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 126 of the Third Amended Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 127 of the Third Amended Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 128 of the Third Amended Complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 129 of the Third Amended Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 130 of the Third Amended Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 131 of the Third Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 132 of the Third Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 133 of the Third Amended Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 134 of the Third Amended Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 135 of the Third Amended Complaint.

136.    Denies the truth of the allegations cited in ¶ 136 of the Third Amended Complaint, insofar as the cited regulations do not "prohibit any proposed development of contaminated properties."

137.    Denies the truth of the allegations contained in ¶ 137 of the Third Amended Complaint, and refers the Court to the Handbook cited therein.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 138 of the Third Amended Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 139 of the Third Amended Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 140 of the Third Amended Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 141 of the Third Amended Complaint.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 142 of the Third Amended Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 143 of the Third Amended Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 144 of the Third Amended Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 145 of the Third Amended Complaint.

### AS AND FOR A RESPONSE TO COUNT I – AGAINST THE GETTY STATION DEFENDANTS GETTY, TYREE, MICHAEL C. KENNY, AND KENNETH C. SEUS RCRA 42 U.S.C. § 6972

146.    States that Plaintiff's Count I is not alleged against Singer and requires no response. To the extent a response is required, Singer denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 146-173.

### AS AND FOR A RESPONSE TO COUNT II – AGAINST BP STATION DEFENDANT MARIANINA RCRA 42 U.S.C. § 6972

147.    States that Plaintiff's Count II is not alleged against Singer and requires no response. To the extent a response is required, Singer Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 174-192.

### AS AND FOR A RESPONSE TO COUNT III – AGAINST THE GETTY STATION DEFENDANTS GETTY, TYREE, MICHAEL C. KENNY AND KENNETH C. SEUS AND GETTY STATION DEFENDANT SINGER New York State Navigation Law § 181

148.    Answering Defendant repeats and reiterates each and every response in ¶¶s 1 through 147 above as if fully set forth herein.

149.    States that ¶ 194 of the Third Amended Complaint contains conclusions of law to which no response is required.

150.    States that ¶ 195 of the Third Amended Complaint contains conclusions of law to which no response is required.

151.    States that ¶ 196 of the Third Amended Complaint contains conclusions of law to which no response is required.

152.    States that ¶ 197 of the Third Amended Complaint contains conclusions of law to which no response is required.

153.    States that ¶ 198 of the Third Amended Complaint contains conclusions of law to which no response is required.

154.    States that ¶ 199 of the Third Amended Complaint contains conclusions of law to which no response is required.

155.    States that ¶ 200 of the Third Amended Complaint contains conclusions of law to which no response is required.

156.    Denies the allegations contained in ¶ 201 of the Third Amended Complaint.

157.    Denies the allegations contained in ¶ 202 of the Third Amended Complaint.

158.    States that ¶ 203 of the Third Amended Complaint contains conclusions of law to which no response is required.

159.    Denies the allegations contained in ¶ 204 of the Third Amended Complaint.

160.    Denies the allegations contained in ¶ 205 of the Third Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT IV – AGAINST BP STATION DEFENDANT MARIANINA**
**New York State Navigation Law § 181**

161.    States that Plaintiff's Count IV is not alleged against Singer and requires no response. To the extent a response is required, Singer denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 207-217.

## AS AND FOR A RESPONSE TO COUNT V – AGAINST THE GETTY STATION DEFENDANTS GETTY, TYREE, MICHAEL C. KENNY, AND KENNETH C. SEUS AND GETTY STATION DEFENDANT SINGER
### Private Nuisance

162.     Answering Defendant repeats and reiterates each and every response in ¶¶ 1 through 161 above as if fully set forth herein.

163.     States that ¶ 219 of the Third Amended Complaint contains conclusions of law to which no response is required.

164.     States that ¶ 220 of the Third Amended Complaint contains conclusions of law to which no response is required.

165.     States that ¶ 221 of the Third Amended Complaint contains conclusions of law to which no response is required.

166.     States that ¶ 222 of the Third Amended Complaint contains conclusions of law to which no response is required.

167.     Admits the allegations contained in ¶ 223.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 224 of the Third Amended Complaint.

169.     Denies the allegations contained in ¶ 225 of the Third Amended Complaint.

170.     Denies the allegations contained in ¶ 226 of the Third Amended Complaint.

171.     Denies the allegations contained in ¶ 227 of the Third Amended Complaint.

172.     Denies the allegations contained in ¶ 228 of the Third Amended Complaint.

173.     Denies the allegations contained in ¶ 229 of the Third Amended Complaint.

174.     Denies the allegations contained in ¶ 230 of the Third Amended Complaint.

175.     Denies the allegations contained in ¶ 231 of the Third Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT VI – AGAINST BP STATION DEFENDANT
MARIANINA
Private Nuisance**

176.    States that Plaintiff's Count VI is not alleged against Singer and requires no

response. To the extent a response is required, Singer denies knowledge or information sufficient

to form a belief as to the truth of the allegations contained in ¶¶ 233-242.

**AS AND FOR A RESPONSE TO COUNT VII AGAINST GETTY STATION
DEFENDANTS GETTY, TYREE, MICHAEL C. KENNY AND KENNETH C. SEUS
Trespass**

177.    States that Plaintiff's Count VII is not alleged against Singer and requires no

response. To the extent a response is required, Singer Denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in ¶¶ 244-253.

**AS AND FOR A RESPONSE TO COUNT VIII – AGAINST THE GETTY STATION
DEFENDANTS GETTY, TYREE, MICHAEL C. KENNY, AND KENNETH C. SEUS
AND GETTY STATION DEFENDANT SINGER
Negligence**

178.    Answering Defendant repeats and reiterates each and every response in ¶¶ 1

through 177 above as if fully set forth herein.

179.    States that ¶ 255 of the Third Amended Complaint contains conclusions of law as

to which no response is required.

180.    States that ¶ 256 of the Third Amended Complaint contains conclusions of law to

which no response is required.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in ¶ 257 of the Third Amended Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 258 of the Third Amended Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 259 of the Third Amended Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 260 of the Third Amended Complaint.

185.    Denies the allegations contained in ¶ 261 of the Third Amended Complaint.

186.    Denies the allegations contained in ¶ 262 of the Third Amended Complaint.

187.    Denies the allegations contained in ¶ 263 of the Third Amended Complaint.

188.    Denies the allegations contained in ¶ 264 of the Third Amended Complaint.

189.    Denies the allegations contained in ¶ 265 of the Third Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT IX –
### AGAINST BP STATION DEFENDANT MARIANINA
#### Negligence

190.    States that Plaintiff's Count IX is not alleged against Singer and requires no response. To the extent a response is required, Singer denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 266-277.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

191.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or by the equitable doctrine of laches.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

192.    At all relevant times, the actions of the Answering Defendant complied with and were undertaken pursuant to the applicable federal, state, and local laws, rules, regulations and specifications and adequately addressed any contamination emanating from the former Getty Station.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

193.    Plaintiff's claims are barred in whole or in part because federal, state and/or local authorities and agencies, including but not limited to the New York State Department of Environmental Conservation, have mandated, directed, approved, and/or ratified the alleged actions or omissions of the Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

194.    All acts, conduct and remediation of the Defendants, as alleged in the Third Amended Complaint, were based upon the state of knowledge existing at all material times alleged in the Third Amended Complaint, were reasonable under the circumstances to protect human health and the environment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

195.    The relief sought by the Third Amended Complaint is, in whole or in part, within the particular expertise of and is being addressed by the State of New York, and its relevant agencies, and thus this Court should decline to exercise jurisdiction over this matter pursuant to the doctrine of primary jurisdiction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

196.    Plaintiff has failed to exhaust its administrative remedies.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

197.    Plaintiff's claims are barred, in whole or in part, because the plaintiff's injuries were caused, in whole or in part, by the negligence, fault or wrongful conduct of the Plaintiff or third parties, and any recovery is subject to reduction or offset under the doctrines of comparative fault and contributory negligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

198.    Answering Defendant did not beach any implied or express warranties or any warranties created by law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

199.    Plaintiff's claims for punitive damages are in contravention of the Answering Defendant's rights under the Constitutions of the United States and other states, including:

    a.    The Commerce Clause of Article I, Section 8 of the United States Constitution;

    b.    The Contracts Clause of Article I, Section 10 of the United States Constitution;

    c.    The prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    d.    The Supremacy Clause of Article IV the United States Constitution;

    e.    The Free Speech Clause of the First Amendment to the United States Constitution;

    f.    The Due Process Clause of the Fifth Amendment to the United States Constitution;

g.  The Takings Clause of the Fifth Amendment to the United States Constitution;

h.  The Right to Counsel provision in the Sixth Amendment to the United States Constitution;

i.  The Right to Trial by Jury provision in the Seventh Amendment of the United States Constitution;

j.  The Right to Trial by Jury provision in the Seventh Amendment to the United States Constitution

k.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l.  Similar or corresponding provisions of the constitution of the State of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

200.   No alleged act or omission of the Answering Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

201.   With respect to Plaintiff's demand for punitive damages, the Answering Defendant specifically incorporates by reference any and all standards or limitations regarding the determination of enforceability of punitive damages awards that are set forth in *Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co., v. Campbell*, 528 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and similar state cases.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

202.    Because of the lack of clear standards, any imposition of punitive damages against the Answering Defendant would be unconstitutionally vague and/or overboard.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

203.    Plaintiff's claim for punitive damages is subject to the limitations and requirements of any applicable state laws.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

204.    The Answering Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in New York State and/or any other law or statute that may be applicable.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

205.    Plaintiff's claims should be dismissed for failure to meet the applicable minimum pleading standards.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

206.    Plaintiff claims are barred against the Answering Defendant by the common law because (1) the Answering Defendant exercised due care with respect to any wastes or substances concerned; (2) all conditions, injuries, costs, damages and expenses for which Plaintiff seeks to recover were caused solely by the acts or omissions of third parties other than (a) its employees or agents or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with it; and (3) the Answering Defendant took precautions against foreseeable acts and omissions of any such third party in the consequences that foreseeably could result from such acts and omissions.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

207.    The United States Constitution and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of the Answering Defendant that were in compliance with applicable local, state and federal laws and regulations in effect at the time of such acts and/or omissions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

208.    The Answering Defendant was not provided with a reasonable and adequate opportunity to cure the defect alleged by the Plaintiff.

## AS AND FOR A NINENEENTH AFFIRMATIVE DEFENSE

209.    The Answering Defendant reasonably and adequately addressed, and continues to address, any environmental issues that Plaintiff alleges are affecting its property.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

210.    The Answering Defendant denies that it is liable for any claims alleged in the Third Amended Complaint, but in the event it is found liable, the Answering Defendant is entitled to an offset against said alleged liability for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereinafter for any of the injuries, costs, damages, and expenses alleged in the Third Amended Complaint, or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Third Amended Complaint; or (3) the applicable share of the liability of any person or entity that heretofore has received, or hereinafter receives, any release form liability or covenant not to sue with respect to injuries, costs, damages and expenses alleged in the Complaint.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

211.   The Plaintiff cannot recover from Answering Defendant more than Answering

Defendant's fair, equitable and proportionate share of the costs, damages and other expenses

sought by Plaintiff, or otherwise recover more than the amount of such relief for which

Answering Defendant may be liable.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

212.   As this Court has no federal law claims against Answering Defendant, and only

has supplemental jurisdiction over state law statutory and common law claims, as a federal court

it is powerless to impose punitive damages based on purely state law claims.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANTS GETTY, KENNY, SEUS, TYREE AND MARIANINA
## New York Navigation Law § 181

213.   Answering Defendant repeats and reiterates each and every response in ¶¶ 1

through 212 above as if fully set forth herein.

214.   Navigation Law ("NL") § 181(1) provides that any person who has discharged

petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs, and

all direct and indirect damages, no matter by whom sustained.

215.   NL § 181(5) provides a private cause of action for any person injured by

petroleum discharge directly against the person who discharged the petroleum.

216.   Defendant Getty is a "discharger" within the meaning of NL § 181.

217.   Defendant Getty, through its operation of a gas station at the former Getty Station

(prior to Singer's ownership), caused or contributed to the illegal discharge of petroleum at the

former Getty Station.

218.   Defendant Kenny is a "discharger" within the meaning of NL § 181.

219. Defendant Kenny, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station prior to Singer's taking title to same.

220. Defendant Seus is a "discharger" within the meaning of NL § 181.

221. Defendant Seus, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station prior to Singer's taking title of same.

222. Defendant Tyree is a "discharger" within the meaning of NL § 181.

223. Defendant Tyree, through its operations at the former Getty Station and the adjacent property owned by the Plaintiff, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station.

224. Defendant Marianina is a "discharger" within the meaning of NL § 181.

225. Defendant Marianina, though its ownership of and operations at the retail gasoline station located at 34 East Post Road, White Plains New York (the "BP Station"), caused contributed, or otherwise failed to prevent the illegal discharge of petroleum at the BP Station.

226. Singer has been damaged by the acts and omissions of Defendants Getty, Kenny, Seus, Tyree, and Marianina that resulted in a discharge of petroleum at the former Getty Station prior to Singer's ownership of the former Getty Station and/or a discharge of petroleum at the BP Station.

227. Defendants Getty, Kenny, Seus and Tyree are strictly liable pursuant to NL § 181 for all investigative, cleanup, and removal costs that have been or will be incurred by Singer as a result of Getty's, Kenny's, Seus', Tyree's, and Marianina's illegal discharges.

228.     Defendants Getty, Kenny, Seus, Tyree and Marianina are strictly liable for all

"indirect damages" relating to the investigation, cleaning, and removal of petroleum, including

environmental consultant and attorney's fees relating thereto, as well as property carrying costs

and lost income and/or profits, pursuant to NL § 181(1).

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY, SEUS, TYREE, AND MARIANINA
### Navigation Law § 176(8)

229.     Answering Defendant incorporates by reference the allegations set forth in ¶¶ 1

through 228 above is if fully set forth herein.

230.     Defendants Getty, Kenny, Seus, Tyree, and Marianina are liable to Singer in

contribution pursuant to NL § 176(8) for all cleanup and removal costs and direct and indirect

damages as a consequence of the discharge of petroleum at the former Getty Station and/or at the

BP Station.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY, SEUS, TYREE AND MARIANINA
### Contribution/Indemnity

231.     Answering Defendant repeats and reiterates each and every response in ¶¶ 1

through 230 above as if fully set forth herein.

232.     Defendants Getty, Kenny, Seus, Tyree and Marianina breached their contractual,

common law, and/or statutory duties to Singer, causing injury to Singer.

233.     To the extent that Singer is liable to Plaintiff, Defendants Getty, Kenny, Seus,

Tyree, and Marianina are liable for indemnification and/or contribution pursuant to the New

York Navigation Law and common law to Singer in that their conduct, malfeasance and/or

negligence caused the harm that gave rise to Singer's liability to Plaintiff.

**WHEREFORE,** Singer respectfully requests that the Court dismiss the Plaintiff's Third Amended Complaint, find that Defendants Getty, Kenny, Seus, Tyree, and Marianina have indemnified Singer, and grant to Singer such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedures 38, Answering Defendant respectfully requests that this matter be tried by jury.

Dated:      September 11, 2015
            New York, New York


                        Respectfully submitted,




                        _James J. Periconi by MJ_
                        James J. Periconi (JP-3184)
                        Matthew R. Jokajtys (MJ-1985)
                        PERICONI, LLC
                        260 Madison Avenue, 15th Floor
                        New York, New York 10016

                        *Attorneys for Defendant Singer Real Estate Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015, I caused the foregoing

**ANSWER OF DEFENDANT SINGER REAL ESTATE GROUP LLC TO THIRD
AMENDED COMPLAINT**

to be served upon counsel for Plaintiff and all Defendants in this action via ECF.

I hereby also certify that on September 11, 2015 I served a copy of the above referenced Answer
of Singer Real Estate Group LLC on Defendant Marianina Oil Corp. via Certified Mail, Return
Receipt Requested, postage pre-paid at the following address:

Marianina Oil Corp.
34 East Post Road
White Plains, NY 10601

Matthew R. Jokajtys, Esq.
PERICONI, LLC
260 Madison Avenue, 15th Floor
New York, New York 10016

TO:

Norman W. Bernstein, Esq.
Inga Caldwell, Esq.
N.W. BERNSTEIN & ASSOCIATES, LLC
800 Westchester Avenue, N319
Rye Brook, New York 10573
nwbernstein@nwbllc.com
icaldwell@nwbllc.com

*Counsel for Plaintiff White Plains Housing Authority*

Matthew G. Parisi, Esq.
BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, NY 10601
mparisi@bpslaw.com

*Counsel for Defendants Getty Properties Corporation, Tyree Environmental Corporation,
Michael C. Kenny, and Kenneth C. Seus*