

PERICONI, LLC
260 MADISON AVENUE, 17TH FL
NEW YORK, NEW YORK 10016

TEL 212·213·5500
FAX 212·448·0066
jpericoni@periconi.com
www.periconi.com

> **SO ORDERED:**
> Plaintiff shall respond to this letter by close of business January 20, 2016. If the parties have not met and conferred on this issue, they must do so prior to the January 21, 2016 status conference.
> 
> _____ 1-19-16
> JUDITH C. McCARTHY
> United States Magistrate Judge

January 14, 2016

**VIA ECF**

The Honorable Magistrate Judge Judith C. McCarthy
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   *White Plains Housing Authority v. Getty Properties Corp., et al.*, No. 13-cv-6282 (NSR)

Dear Judge McCarthy:

Singer Real Estate Group LLC ("Singer") hereby raises a discovery dispute over the White Plains Housing Authority's ("WPHA") failure to produce: 1) documents related to its environmental consultant, First Environment; and 2) documents in support of its $14 million damages claim. Singer requested such documents in its first and second set of document requests, relevant portions of which are attached hereto as Exhibits A and B, respectively. Singer then sent an email to the WPHA on January 8, 2016, seeking the same. On January 12, 2016, the WPHA produced a handful of documents, but not all of the documents in question. Singer needs the First Environment documents to prepare for the WPHA's motion for summary judgment ("Motion"), due by January 22, 2016. Singer separately needs the damages documents to evaluate the strength of the WPHA's case.

**First Environment documents**

Contrary to the WPHA's assertion of an "Environmental Consultant's Work Product Privilege," the First Environment documents cannot be privileged because the WPHA retained First

Hon. Judge Judith McCarthy
January 14, 2016
Page 2

Environment for the purpose of consulting on NYSDEC Spill No. 97-13110, including providing technical comments to the NYSDEC on remedial work proposed by Getty Properties Corporation's environmental consultant, Tyree Environmental Corporation. *See* December 30, 2013 First Environment Letter to NYSDEC (excluding tables and figures), and attached hereto as Exhibit C. The spill number, which exists under the authority of the NYSDEC, and which predated the current litigation by more than a decade, is distinct from the litigation, to which the NYSDEC is not a party. Based on the documentation provided by the WPHA, it appears that First Environment generated its reports and data in response to the spill number, not for the litigation. Thus, the First Environment documents cannot reasonably be said to have been prepared in anticipation of litigation because they would have been created irrespective of the litigation.[1] Singer requests that Your Honor order the WPHA to produce the First Environment documents pursuant to Singer's document requests. *See* Ex. A., request no. 10; Ex. B, request nos. 1 & 2.

**Damages documents**

The WPHA has stated that it has documents supporting its $14 million damages claim, but that such documents could not be disclosed without a confidentiality agreement. That agreement was signed by Your Honor on November 16, 2015. To date thereafter, Singer has not received one such document, despite its discovery demand. *See* Ex. A, request no. 14. Accordingly, Singer requests that Your Honor order the WPHA to provide all damages documentation forthwith.

Respectfully,
/s/
James J. Periconi, JP-3184
Counsel to Defendant Singer Real Estate Group LLC

cc: all counsel of record via ECF

---

[1] Fed. R. Civ. Proc. Rule 26(b)(3); United States v. Adlman, 134 F.3d 1194, at 1202 (2d Cir. 1998) (It is well established that the work product privilege does not apply to "documents that are prepared in the ordinary course of business or that would have been created in essentially similar forms, irrespective of litigation.").