## THE UNITED STATES DISTRIC COURT
## SOUTHERN DISCTRIC OF NEW YORK

-----------------------------------------------------------------

WHITE PLAINS HOUSING AUTHORITY

        Plaintiff,


        -against-

GETTY PROPERTIES CORPORATION,
TYREE ENVIRONMENTAL
 CORPORATION,
SINGER REAL ESTATE GROUP LLC,
MICHAEL C KENNY,
KENNETH C SEUS,

        Defendants,

-----------------------------------------------------------------

GETTY PROPERTIES CORPORATION,

TYREE ENVIRONMENTAL
CORPORATION,
MICHEAL C. KENNY, and KENNETH C
SEUS,

        Third-Party Plaintiffs,

        -against-

MARIANINA OIL CORP.

        Third-Party Defendant.

-----------------------------------------------------------------

**Case No. 13-CV-6282(NSR)**

**ANSWER TO FOURTH
AMENDED COMPLAINT
WITH CROSS CLAIMS**

        Defendants Marianina Oil Corp., (hereinafter Marianina) by and through its attorneys  DeCaro & DeCaro, PC answer the Plaintiff's Fourth Amended Complaint dated October 19, 2016 as follows:

## Nature of the Action

1. Denies that the Marianina has contaminated the Plaintiff White Plains Housing Authority (Plaintiff's) real property located at 159 South Lexington Ave., 135 South Lexington Ave., 11 Fisher Court and 225 Dr. Martin Luther King, Jr. Blvd, White Plains, NY.

## Jurisdiction & Venue

2. States that paragraph 2 contains conclusions of law as to which no response is required.

3. States that paragraph 3 contains conclusions of law as to which no response is required.

4. States that paragraph 4 contains conclusions of law as to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contain in paragraph 5.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8.

## The Parties

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10.

11.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

13.   Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13.

14.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14.

15.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15.

16.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17.

18.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18.

19.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19.

20.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20.

21.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21.

22.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22.

23.   Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

25.  Admits the allegations contained in paragraph 25.

26.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26, but admits that it has at times been the owner and operator of said gasoline station.

27.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph

28.  Denies the allegations contained in paragraph 28.

## Facts

29. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29.

30. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30.

31. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35.

36. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36.

37. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37.

38. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38.

39. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39.

40. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40.

41. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 41.

42. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42.

43. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43.

44. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 44.

45. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 45.

46. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 46.

47. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 47.

48. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 48.

49. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 49.

50. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 50.

51. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 51.

52. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph.52

53. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 53.

54. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 54.

55. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 55.

56. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 56.

57. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 57.

58. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 58.

59. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 59.

60. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 60.

61. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 61.

62. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 62.

63. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 63.

64. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 64.

65. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 65.

66. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 66.

67. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 67.

68. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 68.

69. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 69.

70. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 70.

71. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 71.

72. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 72.

73. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 73.

74. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph.

75. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 75.

76. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 76.

77. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 77.

78. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 78.

79. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 79.

80. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 80.

81. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 81.

82. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 82.

83. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 83.

84. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 84.

85. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 85.

86. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 86.

87. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 87.

88. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 88.

89. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 89.

90. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 90.

91. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 91.

92. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 92.

93. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 93.

94. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 94.

95. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 95.

96. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 96.

97. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 97.

98. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 98.

99. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 99.

100. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 100.

101. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 101.

102. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 102.

103. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 103.

104. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 104.

105. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 105.

106. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 106.

107. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 107.

108. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 108.

109. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 109.

110. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 110.

111. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 111.

112. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 112.

113. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 113.

114. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 114.

115. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 115.

116. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 116.

117. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 117.

118. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 118.

119. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 119.

120. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 120.

121. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 121.

122. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 122.

123. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 123.

124. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 124.

125. Denies the allegations contained in paragraph 125.

126. Denies the allegations contained in paragraph 126.

127. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 127.

128. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 128.

129. Denies the allegations contained in paragraph 129.

130. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 130.

131. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 131.

132. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 132.

133. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 133.

134. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph134.

135. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 135.

136. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 136.

137. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 137.

138. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 138.

139. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 139.

140. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph140.

141. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 141.

142. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 142.

143. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 143.

144. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 144, and refer all questions of law to this Court.

145. Denies the allegations contained in paragraph 145.

## Count I

146. Repeats and reiterates each and every response contained in paragraphs 1-145, as if fully set forth herein.

147. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 147, and refer all questions of law to this Court.

148. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 148, and refer all questions of law to this Court.

149. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 149, and refer all questions of law to this Court.

150. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 150, and refer all questions of law to this Court.

151. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 151, and refer all questions of law to this Court.

152. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 152, and refer all questions of law to this Court.

153. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 153, and refer all questions of law to this Court.

154. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 154, and refer all questions of law to this Court.

155. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 155, and refer all questions of law to this Court.

156. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 156, and refer all questions of law to this Court.

157. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 157, and refer all questions of law to this Court.

158. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 158.

159. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 144, and refer all questions of law to this Court.

160. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 160.

161. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 161.

162. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 162.

163. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 163.

164. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 164, and refer all questions of law to this Court.

165. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 165, and refer all questions of law to this Court.

166. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 166, and refer all questions of law to this Court.

167. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 167.

168. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 168.

169. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 169.

170. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 170.

171. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 171.

172. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 172, and refers all questions of law to this court.

173. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 173, and refers all questions of law to this court.

## <u>Count II</u>

174. Repeats and reiterates each and every response contained in paragraphs 145-173, as if fully set forth herein.

175. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 175, and refers all questions of law to this court.

176. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 176, and refers all questions of law to this court.

177. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 177, and refers all questions of law to this court.

178. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 178, and refers all questions of law to this court.

179. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 179, and refers all questions of law to this court.

180. Denies the allegations contained in paragraph 180.

181. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 181, and refers all questions of law to this court.

182. Denies the allegations contained in paragraph 182.

183. Denies the allegations contained in paragraph 183.

184. Denies the allegations contained in paragraph 184.

185. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 185, and refers all questions of law to this court.

186. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 186, and refers all questions of law to this court.

187. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 187, and refers all questions of law to this court.

188. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 188, and refers all questions of law to this court.

189. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 189, and refers all questions of law to this court.

190. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 190, and refers all questions of law to this court.

191. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 191, and refers all questions of law to this court.

192. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 192, and refers all questions of law to this court.

## **Count III**

193. Repeats and reiterates each and every response contained in paragraphs 174-192, as if fully set forth herein. .

194. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 194, and refers all questions of law to this court.

195. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 195, and refers all questions of law to this court.

196. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 196, and refers all questions of law to this court.

197. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 197, and refers all questions of law to this court.

198. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 198, and refers all questions of law to this court.

199. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 199, and refers all questions of law to this court.

200. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 200, and refers all questions of law to this court.

201. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 201.

202. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 202, and refers all questions of law to this court.

203. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 203, and refers all questions of law to this court.

204. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 204, and refers all questions of law to this court.

205. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 205, and refers all questions of law to this court.

## Count IV

206. Repeats and reiterates each and every response contained in paragraphs 192-205, as if fully set forth herein. Repeats and re-alleges the allegations contained in paragraphs.

207. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 207, and refers all questions of law to this court.

208. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 208, and refers all questions of law to this court.

209. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 209, and refers all questions of law to this court.

210. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 210, and refers all questions of law to this court.

211. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 211, and refers all questions of law to this court.

212. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 212, and refers all questions of law to this court.

213. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 213, and refers all questions of law to this court.

214. Denies the allegations contained in paragraph 214.

215. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 215, and refers all questions of law to this court.

216. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 216, and refers all questions of law to this court.

217. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 217, and refers all questions of law to this court.

## Count V

218. Repeats and reiterates each and every response contained in paragraphs 206-217, as if fully set forth herein. Repeats and re-alleges the allegations contained in paragraphs.

219. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 219, and refers all questions of law to this court.

220. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 220, and refers all questions of law to this court.

221. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 221, and refers all questions of law to this court.

222. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 222, and refers all questions of law to this court.

223. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 223.

224. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 224.

225. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 225

226. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 226.

227. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 227.

228. Denies the allegations contained in paragraph 228.

229. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 229.

230. Denies the allegations contained in paragraph 230.

231. Denies the allegations contained in paragraph 231.

## Count VI

232. Repeats and reiterates each and every response contained in paragraphs 217-231, as if fully set forth herein.

233. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 233, and refers all questions of law to this court.

234. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 234, and refers all questions of law to this court.

235. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 235.

236. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 236.

237. Denies the allegations contained in paragraph 237.

238. Denies the allegations contained in paragraph 238.

239. Denies the allegations contained in paragraph 239.

240. Denies the allegations contained in paragraph 240.

241. Denies the allegations contained in paragraph 241.

242. Denies the allegations contained in paragraph 242.

## Count VII

243. Repeats and reiterates each and every response contained in paragraphs 231-242, as if fully set forth herein. Repeats and re-alleges the allegations contained in paragraphs.

244. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 244, and refers all questions of law to this court.

245. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 245and refers all questions of law to this court.

246. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 246, and refers all questions of law to this court.

247. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 247, and refers all questions of law to this court.

248. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 248, and refers all questions of law to this court.

249. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 249, and refers all questions of law to this court.

250. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 250.

251. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 251.

252. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 252.

253. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 253, and refers all questions of law to this court.

## Count VIII

254. Repeats and reiterates each and every response contained in paragraphs 242-253, as if fully set forth herein.

255. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 255, and refers all questions of law to this court.

256. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 256, and refers all questions of law to this court.

257. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 257.

258. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 258.

259. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 259.

260. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 260.

261. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 261.

262. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 262.

263. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 263.

264. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 264.

265. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 265.

## Count IX

266. Repeats and reiterates each and every response contained in paragraphs 253-265, as if fully set forth herein. Repeats and re-alleges the allegations contained in paragraphs.

267. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 267, and refers all questions of law to this court.

268. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 268, and refers all questions of law to this court.

269. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 269.

270. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 270.

271. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 271

272. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 272.

273. Denies the allegations contained in paragraph 273.

274. Denies the allegations contained in paragraph 274.

275. Denies the allegations contained in paragraph 275.

276. Denies the allegations contained in paragraph 276.

277. Denies the allegations contained in paragraph 277.

**Prayer for Relief**

**Count I**

State that Plaintiff's Count I is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count I.

**Count II**

Marianina repeats and reiterates each and every response previously made in this answer above as if fully set forth herein.

D.  States that paragraph D of Count II contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

E.  States that paragraph E of Count II contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

F.  States that paragraph F of Count II contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

**Count III**

State that Plaintiff's Count III is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina, denies knowledge or information to form a belief as the truth of the allegations contained in Count III.

**Count IV**

26

I. States that paragraph I of Count IV contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

J. States that paragraph J of Count IV contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

## **Count V**

K. State that Plaintiff's Count V is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina, denies knowledge or information to form a belief as the truth of the allegations contained in Count IV

L. State that Plaintiff's Count V is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina, denies knowledge or information to form a belief as the truth of the allegations contained in Count IV

M. State that Plaintiff's Count V is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina, denies knowledge or information to form a belief as the truth of the allegations contained in Count IV

N. State that Plaintiff's Count V is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count IV.

## **Count VI**

o.      States that paragraph O of Count VI contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

p.      States that paragraph P of Count VI contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

q.      States that paragraph Q of Count VI contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

r.      States that paragraph R of Count VI contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

## Count VII

s. State that Plaintiff's Count VII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VII.

t. State that Plaintiff's Count VII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VII.

u. State that Plaintiff's Count VII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VII.

v. State that Plaintiff's Count VII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VII.

## Count VIII

w. State that Plaintiff's Count VIII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VIII.

x. State that Plaintiff's Count VIII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VIII.

y. State that Plaintiff's Count VIII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VIII.

z. State that Plaintiff's Count VIII is not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina denies knowledge or information to form a belief as the truth of the allegations contained in Count VIII.

## Count IX

aa. States that paragraph AA of Count IX contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

bb. States that paragraph BB of Count IX contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

cc. States that paragraph CC of Count IX contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

dd. States that paragraph DD of Count IX contains conclusions of law to which no response is required.  To the extent that a response is require Marianina denies all allegations contained in said paragraph.

## Counts I,III,V,VII and VIII

dd-1. State that Plaintiff's Counts I,III,V,VII and VIII are not an allegation against Marianina and requires no response.  To the extent a response is requited, Marianina, denies knowledge or information to form a belief as the truth of the allegations contained in Counts I,III,V,VII and VIII.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

278.  Any allegations against Plaintiff which are not specifically addressed are hereby denied.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

279. The Fourth Amended Complaint fails to state a claim against Marianina upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

280.   Some or all of Plaintiffs' claims against Marianina are barred by the applicable statute or statutes of limitations, administrative filing periods and/or Plaintiffs' failure to satisfy the statutory prerequisites for commencing this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

281.   The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

282. Plaintiffs lack standing to maintain some or all of the claims alleged.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

283. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

284. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

285. Some or all of the relief requested by plaintiffs is not available under the applicable statutes and causes of action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

286. Any injuries or damages alleged in the Fourth Amended Complaint were caused, in whole or in part, by Plaintiffs' own culpable, negligent or improper conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

287. Plaintiffs' claims for damages are barred to the extent that they failed to take reasonable steps to mitigate damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

288. Without admitting that the Fourth Amended Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## AS AND FOR A TWEVETH AFFIRMATIVE DEFENSE

289. With respect to all of Plaintiffs' purported claims and to the extent that Plaintiffs are successful in recovering any damages, Marianina is entitled to a

setoff of, inter alia, the total amounts Plaintiffs have received from other

defendant and/or polluters.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

294.   No alleged act or omission of the Answering Defendants was malicious, willful,

or reckless and, therefore, any award of punitive damages is barred.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

295.   With respect to Plaintiff's demand for punitive damages, the Answering

Defendants specifically incorporate by reference any and all standards or limitations

regarding the determination and enforceability of punitive damage awards that are set forth

in *Phillip*

*Morris USA v. Williams*, 127 S.Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co.*

*v. Campbell,* 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996),

and similar State cases.

## AS AND FOR A FIFTHEENTH AFFIRMATIVE DEFENSE

296.   Because of the lack of clear standards, any imposition of punitive damages

against the Answering Defendants would be unconstitutionally vague and/or overbroad.

## AS AND FOR A SIXEENTH AFFIRMATIVE DEFENSE

297.   Plaintiff's claim for punitive damages is subject to the limitations and

requirements of any applicable state laws.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

298.   Plaintiff does not possess a valid claim under the Comprehensive Environmental

Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

299.   Plaintiff's claims are barred because it has failed to satisfy the prerequisites and requirements of such claims established by the National Contingency Plan.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

300.   Plaintiff's claims are barred because the actions allegedly undertaken by it are not and were not consistent with the National Contingency Plan.

## AS AND FOR A TWENTIETHAFFIRMATIVE DEFENSE

301.   Plaintiff's claims are barred or limited insofar as it seeks to recover costs, damages and expenses other than "response" costs, as that term is defined by §§ 101(23), (24), and (25) of CERCLA, as amended, 42 U.S.C. §§ 9601 (23), (24) and (25).

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

302.   Plaintiff's claims are barred against the Answering Defendants by § 107(b)(3) of CERCLA 42 U.S.C. § 9607(b)(3), and by the common law because (1) the Answering Defendants exercised due care with respect to any wastes or substances concerned; (2) all conditions, injuries, costs, damages and expenses for which plaintiffs seek to recover were caused solely by the acts or omissions of third parties other than (a) its employees or agents or (b) persons whose acts or omissions occurred in connection with a contractual relationship,

existing directly or indirectly, with it; and (3) the Answering Defendants took precautions against foreseeable acts and omissions of any such third party in the consequences that foreseeably could result from such acts and omissions.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

303.   The United States Constitution, CERCLA, and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and/or omissions of

the Answering Defendants that were in compliance with applicable local, state and federal

laws and regulations in effect at the time of such acts and/or omissions.

**<ins>AS AND FOR A</ins>** <ins>TWENTY-THIRD AFFIRMATIVE DEFENSE</ins>

304.   Plaintiff's CERCLA claims are barred by the Petroleum Exclusion (*see*
42

U.S.C.A. 9601(14).

<ins>AS AND FOR A TWENTY-FOURTH
AFFIRMATIVE DEFENSE</ins>

305.    Plaintiff does not possess a valid claim under the Resource Conservation
and

Recovery Act of 1976, as amended.

**<ins>AS AND FOR</ins>** <ins>A TWENTY-FIFTH AFFIRMATIVE
DEFENSE</ins>

306.    The Answering Defendants reasonably and adequately addressed, and continue

to address, any environmental issues that plaintiff alleges are affecting its property.

<ins>AS AND FOR A **T**WENTY-SIXTH AFFIRMATIVE DEFENSE</ins>

307.    The Answering Defendants were not provided with a reasonable and

adequate opportunity to cure the defect alleged by the Plaintiff.

<ins>AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE</ins>

308.    Plaintiff improperly refused and denied access to remediate the discharges that

are the subject of this action and otherwise obstructed the remediation for their own financial

advantage.

<ins>AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE</ins>

309.    Plaintiff cannot establish that there is, has been or will be a substantial
endangerment to health or the environment as those terms are defined in Section
7002(a)(1)(B) of RCRA.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

310.    Plaintiff cannot establish that there is, has been or will be an imminent
endangerment to health or the environment as those terms are defined in Section
7002(a)(1)(B)
of RCRA.

**AS AND FOR A THIRTETH AFFIRMATIVE DEFENSE**

311.     Plaintiff cannot establish that there is, has been or will be reasonable cause
of concern that someone or something may be exposed to risk or harm if remedial action is
not taken.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

312.    Plaintiff fails to join a party or parties necessary for the just and
equitable adjudication of Plaintiff's claims.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

313.    Plaintiff's claims are estopped because they are arbitrary and capricious and
inconsistent with the actions and inactions of the New York State Department of
Environmental Conservation.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

314.    The Answering Defendants deny that they are liable for any claims alleged in
the Third Amended Complaint, but in the event they are found liable, the Answering
Defendants are entitled to an offset against said alleged liability for the greatest of (1) any

amounts actually paid by any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Third Amended Complaint, or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereinafter for any of the injuries, costs, damages and expenses alleged in the Third Amended Complaint; or (3) the applicable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to injuries, costs, damages and expenses alleged in the Complaint.

<u>AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

315.   The plaintiff cannot recover from each Answering Defendant more than each Answering Defendant's fair, equitable and proportionate share of the costs, damages and other expenses sought by plaintiffs, or otherwise recover more than the amount of such relief for which each Answering Defendant may be liable.

AS AND FOR  A FIRST  CROSS-CLAIM AGAINST
DEFENDANTS GETTY, KENNY, SEUS,
<u>New York Navigation  Law§ 181</u>

316.   Answering Defendant repeats and reiterates each and every response above as if fully set forth herein.

317.   The court has supplemental jurisdiction of this cross-claim under 28 U.S.C. Section 1367(a) because it arises out of the same transaction and occurrence alleged in the Plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

318.   Navigation Law ("NL") § 181(1) provides that any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs, and all direct and indirect damages, no matter by whom sustained.

319.   NL § 181(5) provides a private cause of action for any person injured by petroleum discharge directly against the person who discharged the petroleum.

320.   Defendant Getty is a "discharger" within the meaning of NL § 181.

321.   Defendant Getty, through its operation of a gas station at the former Getty Station (prior to Singer's ownership), caused or contributed to the illegal discharge of petroleum at the former Getty Station.

322.   Defendant Kenny is a "discharger" within the meaning of NL § 181.

323.   Defendant Kenny, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge of petroleum at the former Getty Station prior to Singer's taking title to same.

324.   Defendant Seus is a "discharger" within the meaning of NL § 181.

325.   Defendant Seus, through his ownership of the property on which Defendant Getty operated its gas station, caused, contributed, or otherwise failed to prevent the illegal discharge

of petroleum at the former Getty Station prior to Singer's taking title of same.

37

326.    Marianina has been damaged by the acts and omissions of Defendants Getty, Kenny, and Seus, that resulted in a discharge of petroleum at the former Getty Station.

327.    Defendants Getty, Kenny, and are strictly liable pursuant to NL § 181 for all investigative, cleanup, and removal costs that have been or will be incurred by Marianina as a result of Getty's, Kenny's, Seus', illegal discharges.

328.    Defendants Getty, Kenny, Seus are strictly liable for all "indirect damages" relating to the investigation, cleaning, and removal of petroleum, including environmental consultant and attorney's fees relating thereto, as well as property carrying costs and lost income and/or profits, pursuant to NL § 181(1).

AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY, SEUS,
Navigation Law § 176(8)

329.    Answering Defendant incorporates by reference the allegations set forth above is if fully set forth herein.

330.    Defendants Getty, Kenny, Seus, are liable to Marianina in contribution pursuant to NL § 176(8) for all cleanup and removal costs and direct and indirect damages as a consequence of the discharge of petroleum at the former Getty Station.

AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANTS GETTY, KENNY, SEUS,
Contribution & Indenity

331.    Answering Defendant repeats and reiterates each and every response above as if fully set forth herein.

332.   Defendants Getty, Kenny, Seus, Marianina breached their contractual, common law, and/or statutory duties to Marianina, causing injury to Marianina.

333.   To the extent that Marianina is liable to Plaintiff, Defendants Getty, Kenny, Seus, are liable for indemnification and/or contribution pursuant to the New York Navigation Law and common law to Marianina in that their conduct, malfeasance and/or negligence caused the harm that gave rise to Marianina's liability to Plaintiff.

**WHEREFORE,** Marianina respectfully requests that the Court dismiss the Plaintiff's Fourth Amended Complaint, find that Defendants Getty, Kenny, Seus, have to indemnified Marianina, and grant to Marianina such other and further relief as this Court deems just and proper.

### REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedures 38, Answering Defendant respectfully requests that this matter be tried by jury.

Dated: New York, New York        DeCaro & DeCaro PC

    May 16, 2017                          *Attorney for Defendant Marianina Oil Corp.*

                                       By: s/ Philip A. DeCaro
                                       Philip A. DeCaro
                                       480 Mamaroneck Ave
                                       Harrison, NY 10528
                                       Telephone: (914)835-6200
                                       Email: phil@decaro.com