## THE UNITED STATES DISTRIC COURT
## SOUTHERN DISCTRIC OF NEW YORK

-------------------------------------------------------------
WHITE PLAINS HOUSING AUTHORITY

       Plaintiff,


      -against-                                      **Case No. 13-CV-6282(NSR)**

GETTY PROPERTIES CORPORATION,
TYREE ENVIRONMENTAL
 CORPORATION,
SINGER REAL ESTATE GROUP LLC,
MICHAEL C KENNY,
KENNETH C SEUS,


       Defendants,
-------------------------------------------------------------
GETTY PROPERTIES CORPORATION,                   ANSWERTO THIRD-
TYREE ENVIRONMENTAL                              PARTY COMPLAINT
CORPORATION,
MICHEAL C. KENNY, and KENNETH C
SEUS,


       Third-Party Plaintiffs,

      -against-

MARIANINA OIL CORP.

       Third-Party Defendant.
-------------------------------------------------------------

Defendants Marianina Oil Corp., (hereinafter Marianina) by and through its attorneys

DeCaro & DeCaro, PC answer Third Party Plaintiff's Complaint dated March 30, 2015

as follows:

1.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

2.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2.

3.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

4.   Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

5.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 and refers all questions of law to this Court.

6.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 and refers all questions of law to this Court.

7.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 and refers all questions of law to this Court.

The Parties

9.   Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9.

10.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15, but admits it is the owner of the real estate property.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17, but admits that at or about this time a spill was reported to NYSDEC.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18, but admits that at or about this time a spill was reported to NYSDEC.

19. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19, but admits that at or about this time a spill was reported to NYSDEC.

20. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20, but admits that at or about this time a spill was reported to NYSDEC.

21. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21, but admits that at or about this time a spill was reported to NYSDEC.

22. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22, but admits that at or about this time a spill was reported to NYSDEC.

23. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26.

27. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27.

28. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28.

29. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29.

30. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30.

31. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

COUNT I

40.  Repeats and reiterate the resposnes contained in paragraphs 1-39

41.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 41, and refers all questions of law to this court.

42.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42, and refers all questions of law to this court.

43.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43, and refers all questions of law to this court.

44.  Denies the allegations contained in paragraph 44.

45.  Denies the allegations contained in paragraph 45.

46.  Denies the allegations contained in paragraph 46.

47.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 47.

48.  Denies the allegations contained in paragraph 48.

49.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 49.

50.  Denies the allegations contained in paragraph 50.

COUNT II

51.  Repeats and reiterates the responses contained in paragraphs 1-50.

52. Denies the allegations contained in paragraph 52.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

53.  Any allegations against Marianina which are not specifically addressed are hereby denied.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

54. The Third-Party Complaint fails to state a claim against Marianina upon which relief can be granted.

5

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. Some or all of Third-Party Plaintiffs' claims against Marianina are barred by the applicable statute or statutes of limitations, administrative filing periods and/or Plaintiffs' or Third-Party Plaintiff's failure to satisfy the statutory prerequisites for commencing this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. Plaintiffs and Third-Party Plaintiff lack standing to maintain some or all of the claims alleged.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58. The Court lacks subject matter jurisdiction over some or all of Plaintiffs and Third-Party Plaintiff's' claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60. Some or all of the relief requested by plaintiffs is not available under the applicable statutes and causes of action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61. Any injuries or damages alleged in the Third-Party Complaint were caused, in whole or in part, by Third-Party Plaintiffs' own culpable, negligent or improper conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62. Third-Party Plaintiffs' claims for damages are barred to the extent that they failed to take reasonable steps to mitigate damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

63. Without admitting that the Fourth Amended Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## AS AND FOR A TWEVETH AFFIRMATIVE DEFENSE

64. With respect to all of Third-Party Plaintiffs' purported claims and to the extent that Plaintiffs are successful in recovering any damages, Marianina is entitled to a setoff of, inter alia, the total amounts Plaintiffs have received from other defendant and/or polluters.

   **WHEREFORE,** Marianina respectfully requests that the Court dismiss the Third-Party Plaintiff's Complaint, and grant to Marianina such other and further relief as this Court deems just and proper.


Dated: New York, New York          DeCaro & DeCaro PC
       May 16, 2017                *Attorney for Defendant Marianina Oil Corp.*
                                   By:  s/ Philip A. DeCaro
                                   Philip A. DeCaro
                                   480 Mamaroneck Ave
                                   Harrison, NY 10528
                                   Telephone: (914)835-6200
                                   Email: phil@decaro.com