IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HOUSING AUTHORITY<br><br>Plaintiff,<br><br>-against-<br><br>GETTY PROPERTIES CORPORATION,<br>TYREE ENVIRONMENTAL CORPORATION,<br>SINGER REAL ESTATE GROUP, LLC,<br>MICHAEL C. KENNY,<br>KENNETH C. SEUS,<br><br>Defendants. | Case No. 13-CV-6282 (NSR-JCM) |
| GETTY PROPERTIES CORPORATION,<br>TYREE ENVIRONMENTAL CORPORATION,<br>MICHAEL C. KENNY, and KENNETH C.<br>SEUS,<br><br>Third-Party Plaintiffs,<br><br>-against-<br><br>MARIANINA OIL CORP.<br><br>Third-Party Defendant. | STIPULATION & CONDITIONAL<br>ORDER<br>OF DISMISSAL |

*Whereas* this action was commenced by plaintiff White Plains Housing Authority ("WPHA") on September 6, 2013, seeking recovery for damages to plaintiff's property in the vicinity of its residential apartment building located at 159 Lexington Avenue, White Plains, New York, allegedly caused by the discharge of gasoline and its breakdown products from a former adjacent Getty service station located at 26 East Post Road, White Plains, New York (the "former Getty Station");

*Whereas* defendants Getty Properties Corp., Tyree Environmental Corporation, Michael C. Kenny, and Kenneth C. Seus (the "Getty Defendants") filed a Third-Party Complaint against Marianina Oil Corp. ("Marianina"), alleging WPHA's damages were caused by the discharge of petroleum products from the BP service station located at 34 East Post Road, White Plains, New York (the "BP Station") owned by Marianina;

*Whereas* plaintiff WPHA filed direct claims against Marianina, seeking recovery for damages to plaintiff's property in the vicinity of its residential apartment building located at 33 Fisher Court, White Plains, New York, ("Building 33") allegedly caused by the discharge of gasoline and its breakdown products from the BP Station;

*Whereas* judgment by default in favor of the WPHA as to third-party defendant Marianina was ordered on December 1, 2015;

*Whereas* on June 17, 2016 the remaining parties in the action reached an agreement to settle all claims by WPHA against defendant Singer Real Estate Group LLC ("Singer"), by the Getty Defendants against Singer, by Singer against Marianina, and by Singer against the Getty Defendants;

*Whereas* on September 21, 2016, Marianina appeared to defend the action, and moved to vacate the December 1, 2015 default judgment;

*Whereas* on April 25, 2017, Judge Nelson S. Román vacated the default judgment against defendant Marianina;

*Whereas* on May 16, 2017, Marianina Answered the Third-Party Complaint and the Fourth Amended Complaint;

*Whereas* after good-faith negotiations the parties have reached an agreement to terminate this action;

*Now therefore*, all parties in this action stipulate and the Court orders pursuant to Rule 41(a)(2) that:

A.  The Clerk is directed to modify the caption in this matter to substitute the words "Getty Properties Corp." for "Getty Properties Corporation" in the two places where those words appear;

B.  All claims against and by the Getty Defendants, including its cross claims against Marianina, are to be dismissed with prejudice in consideration of a payment of $350,000.00 by the Getty Defendants to the plaintiff WPHA as per paragraph D below;

C.  All claims by WPHA against Marianina are dismissed without prejudice;

D.  Marianina has consented to the amendment of the complaint in *White Plains Housing Authority v. BP Products North America, Inc.*, Case No. 17-cv-6250 ("the BP Action"), which was filed pursuant to Rule 15(a)(1)(B) on November 13, 2017, asserting claims against it arising from contamination at, under or migrating from the BP Station. Marianina will assert no defense in the BP Action based on this action or the dismissal of this action and further agrees to waive service of process pursuant to Rule 4(d) in the BP Action;

E.  The Getty Defendants are Ordered to pay WPHA $350,000 via a fed. wire transfer to Plaintiff's counsel (pursuant to the wiring instruction provided by WPHA's counsel) in full and complete satisfaction of WPHA's claims against the Getty Defendants within five (5) business days after this Stipulation & Order of Conditional Dismissal is So Ordered by the Court. If Plaintiff's counsel notifies the Court that the Getty Defendants have failed to pay on time and in the manner set forth above (time and manner of payment being of the essence), the dismissal as to the Getty Defendants and Paragraphs F and G below are null, void and of no effect, and the Getty Defendants shall, by personal appearance of an officer Getty Properties Corp., show cause

why the Getty Defendants should not each and all of them be held in civil contempt of Court. If payment is received by WPHA in the time and manner set forth above, Plaintiff's counsel will notify the Court in writing of receipt of said payment with a copy to counsel for the Getty Defendants within three (3) business days after Plaintiff's counsel receives from the Getty Defendants' counsel written notice of the said wire transfer that includes the Fed. Reference Number of said wire transfer, and the Court will then enter a final judgment of dismissal against the Getty Defendants;

F.  WPHA, individually and on behalf of its successors and assigns fully and forever releases, covenants not to sue, and agrees not to otherwise take judicial, administrative, or other action against the Getty Defendants, or the affiliates of the Getty Properties Corp. listed on Exhibit A to this Order[1], or their successors and assigns, for the recovery of Damages, Past or Future Cleanup and Removal costs, injunctive relief, attorneys' fees, consultants' and experts' fees and any other litigation costs which have been or could have been sought in this Action against the Getty Defendants arising out of contamination of any kind from the former Getty Station;

G.  This stipulation shall constitute a judicially approved settlement and will resolve the liability of the Getty Defendants to WPHA for the purpose of providing contribution protection to the Getty Defendants under New York General Obligations Law §15-108, New York CPLR Article 14 or any statute, regulation or common law principle related to the causes of action pleaded in the Fourth Amended Complaint against the Getty Defendants in this Action

---

[1] Defendant Getty Properties Corp. represents and warrants to the Court and to the WPHA that none of the Exhibit A entities are or have been affiliates of BP P.L.C., B P Products of North America Inc. or any of the BP related entities named in Para. 17 of the Amended Complaint in the BP Action. The term "affiliates" as used in this Order has the same meaning as that contained in 17 CFR 230.405.

arising out of contamination of any kind from the former Getty Station. The parties agree, and by signing the stipulation this Court finds, that the Getty Defendants are entitled to protection from contribution actions pursuant to New York General Obligations Law §15-108, CPLR Article 14 or any statute, regulation, or common law principle that provides contribution rights against the Getty Defendants with regard to the causes of Action raised in the Fourth Amended Complaint against the Getty Defendants in this Action arising out of contamination of any kind from the former Getty Station;

H.  Nothing contained in the Stipulation shall be considered an admission by the Getty Defendants, or a finding by the WPHA or this Court, of any wrongdoing or liability on the part of the Getty Defendants;

I.  The dismissals called for herein when entered are without costs to any party; and

J.  The Court will retain jurisdiction for the purpose of interpreting and enforcing this Stipulation of Conditional Dismissal.

Consented To:

N.W. BERNSTEIN & ASSOCIATES, LLC

*[signature]*

By: Norman W. Bernstein, Attorney No. NB5123
800 Westchester Avenue, Suite N319
Rye Brook, New York 10573
Telephone: (914) 358-3500
*Counsel for the plaintiff White Plains Housing Authority*

Dated: *Nov 30, 2017*
Rye Brook, New York

5

DECARO & DECARO, P.C.

*[signature]*

By Phillip A. DeCaro, Esq.
480 Mamaroneck Avenue
Harrison, New York 10528
Telephone: (914) 835-6200
*Attorney for Defendants Marianina Oil Corp.*

Dated: 11-30-17
Harrison, New York

BLEAKLEY PLATT & SCHMIDT, LLP

*[signature]*

By: Matthew G. Parisi, Esq.
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 949-2700
*Counsel for Defendants Getty Properties Corp.,
Tyree Environmental Corporation, Michael C. Kenny and
Kenneth C. Seus*

Dated: 11/29/17
White Plains, New York

SO ORDERED:

_____

Nelson S. Román, U.S.D.J.

Dated _____, White Plains, New York

6

Exhibit A to Conditional Stipulation & Order of Dismissal.

Getty Realty Corp. a publicly traded Real Estate Investment Trust; Getty TM Corp.; AOC Transport, Inc., GettyMart Inc., Leemilt's Petroleum, Inc., Slattery Group Inc., Getty HI Indemnity, Inc., Getty Leasing, Inc., GTY MD Leasing, Inc., GTY NY Leasing, Inc., GTY MA/NH Leasing, Inc., GTY-CPG (VA/DC) Leasing, Inc., GTY-CPG (QNS/BX) Leasing, Inc., GTY-Pacific Leasing, LLC, Getty-RPI (TX) 1031, LLC, GTY-SC Leasing, LLC, GTY-EPP Leasing, LLC, GTY-NEC, LLC, and Power Test Realty Company Limited Partnership, all of which are owned directly or indirectly by Getty Realty Corp.